## CUTLER and another *against* WADSWORTH.

A term of the superior court is considered in law as being held on the day when it begins to be held, and must be so described.

Though the true day on which an act is done within a term of the court, may be shewn, when justice requires it, on the maxim *in fictione juris semper existit æquitas;* yet fictions of law always hold in respect of the ends and purposes for which they were devised.

The fiction by which the term of a court is considered as being held on the day when it begins to be held, and which requires a corresponding description, was intended to promote general convenience; and to admit of a change of the description at pleasure, would not only not conduce to justice, but would contravene the very end and purpose for which the fiction was devised.

The description of a record is matter of substance; and a mistake in describing it, is a fatal error.

An execution, unsupported, by the judgment, which it counts on, is void; and the officer to whom it is committed, is under no legal obligation to execute it.

Therefore, where an execution counted on a judgment rendered by the superior court, on the fourth *Tuesday* of *February;* and the record shewed a judgment, rendered by that court, on the second *Tuesday* of *February;* and it appeared that the court commenced its session on the second *Tuesday,* which was the day prescribed by law for the holding of the court, and continued in session without interruption until after the fourth *Tuesday,* and that the judgment was in faet rendered on an intermediate day between the second and fourth *Tuesday;* it was held, that such execution was void, and that the officer to whom it was committed, was not bound to execute it.

THIS was an action on the case against the defendant, as a deputy of the sheriff of *Hartford* county, for neglect of duty in

the service of an execution in favour of the plaintiffs against *Orrin Webster.*

The cause was tried at *Hartford, February* term, 1828, before *Hosmer,* Ch. J.

On the trial, the plaintiffs adduced in evidence an execution, the introductory part of which was as follows : " Whereas *S. F. Cutler* and *E. Cutler,* of the town of *Hardwicke,* in the state of *Massachusetts,* recovered judgment against *Orrin Webster,* of said *Hartford,* before the superior court holden at *Hartford,* within the county of *Hartford* aforesaid, on the fourth *Tuesday* of *February, A. D.* 1827, for the sum of," &c. To invalidate this execution, the defendant adduced in evidence the record of a judgment of the superior court for *Hartford* county, headed thus : " At a superior court holden at *Hartford* in and for the county of *Hartford,* on the second *Tuesday* of *February, A. D.* 1827." Then followed a statement of the proceedings and judgment in an action in favour of the plaintiffs against *Orrin Webster,* the person named in the execution. It appeared, that there was no superior court held in *Hartford* county in the month of *February,* 1827, except the stated term of that court by law appointed to be held on the second *Tuesday* of that month ; and no judgment was recovered in favour of the plaintiffs against *Orrin Webster,* except at such stated term. It likewise appeared, that the superior court commenced its term on the second *Tuesday* of *February,* which was the 13th day of the month, and was in session until and after the fourth *Tuesday,* which was the 27th day. The day on which the judgment in question was actually rendered, was the 5th day of the term, and the 17th day of the month. The Chief Justice instructed the jury, that the execution was void ; and that the defendant was not under any legal obligation to make service of it. The jury thereupon returned a verdict for the defendant ; and the plaintiffs moved for a new trial, on the ground of a misdirection.

*W. W. Ellsworth,* in support of the motion, contended, That the court described in the introductory part of the execution, was the same as the one proved by the record.

In the first place, the judgment was rendered at a term of the superior court in fact holden on the fourth *Tuesday* of *February.* The term embraced the second, third and fourth *Tuesdays* ; and so far as the matter of fact is concerned, it is as cor-

*Hartford,*
June, 1828.

Cutler
*v.*
Wadsworth.

rect to say, that the court was held on one of these days, as on the other.    [Here the counsel went into an investigation of the nature and origin of terms of court, referring to 3 *Bla. Comm.* 275. & seq.]

Secondly, if by fiction of law the whole term is considered as being of the day on which it commences, yet this fiction shall be controuled by the fact, for all purposes of justice. *Morris* v. *Pugh* & al. 3 *Burr.* 1243.

Thirdly, as the execution was regular on the face of it, the officer was bound to serve it.    It did not appear, and he could not know, that a court holden on the fourth *Tuesday* of *February*, was not a legal court.

*T. S. Williams*, contra, contended, That as the execution purported to be founded on a judgment rendered on the fourth *Tuesday* of *February*, which was neither the day prescribed by law for the holding of the court, nor the day on which the judgment was in fact rendered, it was irregular and void, and the defendant was not bound to execute it.

First, a term of the superior court is considered in law as consisting of one day, and that day is the one on which the court begins to be held.    In *England*, the acts of parliament and the judgments of courts refer to the first day of the session or term.    *Rann* v. *Green, Cowp.* 475.    And the courts are presumed to know judicially when this is.    *Birt* q. t. v. *Rothwell*, 1 *Ld. Raym.* 343.    In *Connecticut*, the times when, and the places where, the superior court shall be held, are prescribed by statute.    *Tit.* 21. *sect.* 24. *p.* 142.    The statute mentions but one day for a term.    The description of a court by that day, is, of course, a description according to the statute. It is also conformable to invariable practice ; and is conducive to general convenience.

Secondly, if it be said, that this is a fiction, which must give way to fact, still if the fact be such as to shew a variance between the record of the judgment and the execution, it will be fatal.    In this case, if the plaintiffs were to look through the fiction to the fact, it would not help them ; for they would then see that the judgment was rendered on a different day from that mentioned in the execution.    They must take either the *legal* day, or the *true* day ; and neither of them agrees with the execution.

Thirdly, if the execution was unsupported by the judgment, the defendant was not bound to serve it. It was mere blank paper.

*Hartford,*
*June, 1828.*

Cutler
*v.*
Wadsworth.

HOSMER, Ch. J. In this case the court charged the jury, that the execution mentioned in the plaintiff's declaration was void, and of consequence, that the defendant was under no legal obligation to serve it; and the question now to be determined, is, whether the charge to the jury was correct.

By the clerk of the superior court, an execution was issued, in common form, counting on a judgment of the court aforesaid, held on the *fourth Tuesday* of *February,* 1827. A judgment between the same parties was rendered, by the superior court, at the term assigned by law, on the *second Tuesday* of said *February;* on which day the court commenced its session, and continued it uninterruptedly until after the *fourth Tuesday* of the same month. The judgment in fact was rendered on the 17th day of said *February,* ten days before the fourth *Tuesday;* and no judgment was ever given in the aforesaid month of *February,* in favour of the plaintiff, and against the execution debtor, except the one before-mentioned; nor was there any superior court held at *Hartford* in the above month, but the one of the second *Tuesday* of *February.*

It is the necessary result from these facts, that the judgment counted on in the execution, never existed. There was no record imparting authority to the clerk to issue the execution in question, although he was authorized to grant one upon the judgment rendered on the second *Tuesday* of *February.* It is very apparent, that this officer committed an error, no doubt through mistake, and not intentionally.

What, then, was the legal character of the plaintiff's execution? This well known process is aptly devised to put the recorded sentence of the law in force; for where there is no such sentence, there is nothing to be executed. The clerk of a court derives his authority to grant execution from a record; and if there is no record, he is invested with no authority. There was no such term of the superior court as the execution counts upon; and if there had been, the process would have been unauthorized, as the only judgment between the parties, was not only rendered at the term of the court held on the second *Tuesday* of *February,* but ten days before the fourth *Tuesday,* on which the rendition of the judgment was affirmed in the execution to have been made.

To avoid the force of these considerations, the plaintiff's counsel has observed, that the description of a court as commencing its term on a certain day, and making this and all the successive days of the term, one law day, is a *fiction;* and that for the attainment of justice, this fiction may be contradicted. The above principle, if rightly understood, is unquestionable. The day on which any act is done within the term of a court, may be shewn, when justice requires it, upon the common maxim, *In fictione juris semper existit æquitas.* But what has the principle thus illustrated to do with this case? The enquiry here is, not whether evidence distinguishing the day of a term on which judgment was rendered, in prevention of injustice, is not admissible; but it is, whether the prescribed and legal description of a term—the technical and established denomination of it—may be changed, at the pleasure of the clerk, who issues an execution. Most clearly it cannot, without sanctioning the most glaring absurdity. If it may be done, then the description of a term may be varied to meet the acts done by the court on each successive day; and the court commencing its session on the second *Tuesday,* may be described as of the second *Wednesday,* the second *Thursday,* and indeed as of every other day, during its session.

By this strange novelty, the general convenience of a uniform denomination would be lost, and nothing would be gained. The particular days of a term are always distinguishable in promotion of justice; and what more can be desired? The legal principle on this subject, has been long established. Fictions of law always hold *in respect of the ends and purposes for which they were invented;* and it is only when they are urged to an intent and purpose not within their reason and policy, that the truth may be shewn. *Morris* v. *Pugh* & al. 3 *Burr.* 1243. The technical term of a court, by the establishment of a descriptive appellation including all the days of its session, was intended to promote general convenience; and to admit a change of the description, at the pleasure of any one, would contravene the very end and purpose of its institution. Nor does justice demand the innovation contended for. It is as easy to describe a court, by the mention of its term, as in any other manner. No possible hardship can result from an inflexible adherence to this principle; while a departure from it would be both unnecessary and inconvenient. In the case before us, the mischief has not arisen from any difficulty in de-

scribing the court ; but from inattention and mistake, it has been misdescribed.

<div style="float:right">*Hartford,* June, 1828.</div>

The description of a record is matter of substance ; and a mistake in not describing it truly, is a fatal error. *Dicken* v. *Greenville, Carth.* 158. *Wells* v. *Girling,* 3 *Moore,* 75.

<div style="float:right">Cutler<br>*v.*<br>Wadsworth.</div>

Undoubtedly, the execution in question, unsupported by a judgment, is void. The sheriff was under no legal obligation to enforce it ; nor could he do it, without becoming a trespasser. If legal process is awarded *erroneously*, it is a vindication of the officer who acts under it ; but if it issue *without the authority of law*, it is utterly void. *Marshalsea* case, 10 *Rep.* 76. *a. b.* *Bushe's* case, *Cro. Eliz.* 188. *Martin* v. *Marshal* and *Key, Hob.* 63. *Entick* v. *Carrington* & al. 2 *Wils.* 275. *Perkin* v. *Proctor* and *Green,* 2 *Wils.* 386. *Grumon* v. *Raymond* & al. 1 *Conn. Rep.* 40.

In conclusion, I cannot but remark the extreme groundlessness of the plaintiff's claim. He demands damages of the defendant, when by his act or omission, he has suffered none ; he demands them for the neglect to do that, which the defendant was under no legal obligation to do ; and he complains because the body or the property of the supposed execution debtor was not levied on, when the taking of either would have subjected him to damages, in an action of trespass.

The other Judges were of the same opinion, except BRAINARD, J., who was absent.

<div style="text-align:right">New trial not to be granted.</div>