BITTMAN, TAYLOR & COMPANY v. W. O MIZE *et al.*

SHERIFF, *When Not Liable to Amercement.* An execution reciting a judgment rendered October 14, 1886, is not supported by proof of a judgment entered October 14, 1885, and a sheriff is not liable to amercement for failure to serve and return such execution in sixty days.

*Error from Harper District Court.*

THE opinion states the case.

*Geo. W. Finch*, for plaintiffs in error.

*Chester I. Long*, for defendant in error Charles D. Nelson.

Opinion by STRANG, C.: This was an application to amerce C. D. Nelson, sheriff of Barber county, for failure to return an execution issued out of the district court of Harper county, in the case of Bittman, Taylor & Co. *v.* W. O. Mize, within the time prescribed by law. The application was heard by the court January 26, 1887. Plaintiffs introduced their evidence and rested their case. The defendant Nelson demurred to the evidence of the plaintiffs, which demurrer was sustained, and judgment was rendered against the plaintiffs for cost. A motion for a new trial was overruled. The plaintiffs bring the case here for review. Among other alleged errors, the plaintiffs assign for error the action of the court in sustaining the demurrer of the defendant to their evidence.

Was the action of the court in this respect erroneous? We think not. The court based its action on the ground that the execution in the hands of the sheriff was not supported by any judgment, and was therefore void; and being void, the sheriff was under no legal obligation to execute and return it. The execution offered in evidence recites a judgment obtained in the district court of Harper county on the 14th day of October, 1886, while the judgment introduced to support said execution was obtained October 14, 1885. The question is, Was there such a variance between the execution and the judgment introduced to support it as will excuse the sheriff, or save him from amercement? We think there was. This is a statutory proceeding, and its character penal, and strict compliance with the law must be observed in its enforcement. The record in this case shows there was but one judgment in the Harper county court between Bittman, Taylor & Co., as

plaintiffs, and W. O. Mize as defendant, and that was dated October 14, 1885. There being no judgment in said court between said parties bearing date October 14, 1886, it follows that the clerk of the district court of said county had no authority to issue the execution in question in this case. If the clerk had no authority to issue said execution, it was void, and the sheriff was under no obligation to respect it in any way.

In *Cutler v. Wadsworth*, 7 Conn. 6, the execution recited a judgment rendered on the fourth Tuesday of February, and the record showed a judgment rendered on the second Tuesday of February. It was held that such execution was void, and that the officer to whom it was committed was not bound to execute it.

In *Rider v. Alexander*, 1 D. Chip. 267, it was held that where the execution recited a judgment entered at one term, and the record produced to support said execution showed a judgment entered up at another term, such execution was irregular, and all proceedings had under it were void. The law certainly will not require a sheriff, under penalty of amercement, to do a thing which when done would be void.

In *Fuller v. Wells, Fargo & Co.*, 42 Kas. 551, it is held that where a plaintiff is seeking to amerce a sheriff for his neglect or failure in returning an execution, the execution, to sustain such a proceeding, must conform strictly to the judgment rendered.

(See also *Fisher v. Franklin*, 38 Kas. 251.)

A number of errors were assigned upon the rejection of testimony by the court below, but we think it unnecessary to review them.

None of the rejected evidence could in any way have reconciled the variance between the judgment and the execution.

It is recommended that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.