DUVALSON G. WEAVER *et al.* v. GEORGE P. LOCK *et al.*
No. 80.

1. JUDGMENT — *Assignment* — *Revivor* — *Substitution*.   Where a judgment is rendered in favor of several persons and said judgment is assigned by the owners thereof, and after such assignment one of the original owners of said judgment dies, no proceedings are necessary for any revivor of the judgment in the name of the

legal representatives of the deceased person, and any further proceedings in the action may be maintained in the name of the assignee of said judgment, an order of substitution being first made by the court in which proceedings may be pending.

2. ATTACHMENT—*Proceedings for Review.* When an order discharging an attachment is made in any case, and the party who obtains such attachment excepts to such order for the purpose of having the same reviewed in an appellate court, the petition in error, to obtain such review, must be filed within 30 days from the discharge of the attachment or the action of the trial court becomes final.

3. INTERPLEA — *Finding not Disturbed.* Where the hearing of an interplea is had before the court, and evidence offered by all parties interested therein, the determination of the court upon the interplea is equivalent to the finding of a jury, and will not be disturbed in a court of review, where there is evidence to sustain it.

4. STIPULATION — *Interpretation not Disturbed.* Where a disagreement arises between counsel as to the nature and scope of an agreement entered into in open court, and the evidence as to what said agreement was is conflicting, the decision of the trial court as to what such agreement was must be considered as conclusive in this court.

MEMORANDUM.— Error from Sedgwick court of common pleas; JACOB M. BALDERSTON, judge. Action by Duvalson G. Weaver and others against George P. Lock and others. From an order discharging an attachment plaintiffs bring the case to this court. Affirmed. The opinion herein, filed July 15, 1896, states the material facts.

*J. V. Daugherty,* and *B. L. Keenan,* for plaintiffs in error.

*Amidon & Conly,* for defendants in error.

The opinion of the court was delivered by

COLE, J. : This was an action brought in the court of common pleas of Sedgwick county by Weaver, Thomas & Kirk against Geo. P. Lock and B. F. Loper, partners as Lock & Loper, upon an account for mer-

chandise.   At the commencement of the action an order of attachment was issued as to the property of the defendant B. F. Loper, and levied upon certain real estate in Sedgwick county.   Afterward a motion was filed by B. F. Loper to dissolve the attachment, and also an interplea was filed, by leave of the court, on behalf of S. I. Loper, wife of the above-named defendant. Upon the hearing of the cause the attachment was discharged, and judgment was rendered upon the interplea in favor of S. I. Loper, and also a judgment for plaintiffs against the defendants, Lock & Loper, for the amount of their claim.   From the order of the court discharging said attachment and sustaining the interplea of S. I. Loper the plaintiffs bring the case here for review.

A motion has been filed in this case to dismiss the petition in error, for the reason that Duvalson G. Weaver, one of the plaintiffs in error, died in December, 1892, and that no steps have been taken to revive the action in the name of his representatives.   These facts are admitted by plaintiff in error, but the claim is made that prior to the death of Weaver the judgment in this action was assigned by Weaver, Thomas & Kirk to Sherwood & Rumsey ; that after such assignment, the firm of Sherwood & Rumsey dissolved partnership, Frederick A. Sherwood, one of the members of the firm, succeeding to the business, and the said Frederick A. Sherwood files his motion asking that he be substituted as plaintiff in error in this action, for the reason that he is the only person having any interest in the judgment in question.

We are of the opinion that the motion to dismiss should be overruled, and the motion to substitute allowed.   Paragraph 4117, General Statutes of 1889, provides the manner in which an action may be con-

tinued after the death or other disability of a party, and also provides that·'

"in case of any other transfer of interest, the action may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action."

Where the transfer of a judgment is made after proceedings for review have been filed in an appellate court, it is the undoubted right of the court of review to admit evidence of such transfer. In this case, Frederick A. Sherwood has established the fact in this court that the alleged transfer of the judgment in question was made prior to the death of Duvalson G. Weaver, one of the plaintiffs in error. It will be admitted under the above facts, that the firm of Weaver, Thomas & Kirk have no further interest in this action, and while it might be continued in their name if the death of one of the parties had not occurred, yet it would be useless under the circumstances to revive the action at any time in the name of the representatives of Weaver. Under the statute above cited, and the case of *Harris v. Frank*, 29 Kan. 200, we are clearly of the opinion that a substitution is proper; and, as Frederick A. Sherwood, one of the members of the firm to whom the judgment was assigned, has succeeded to the interest of the firm therein, it is proper that substitution be in his name. (*Brown v. School District*, 48 Kan. 709 ; *Mechanics Ins. Co. v. Brown*, 3 Kan. App. 225.)

So far as the ruling of the trial court discharging the attachment is concerned, it is not before us in proper manner for review. The statute prescribes that when an order discharging an attachment shall be made in any case, and the party who obtains such attachment shall except to such order for the purpose

of having the same reviewed, the court or judge making such order shall fix the time, not exceeding 30 days from the time of discharging the attachment, within which the petition in error shall be filed, and if such petition in error shall not be filed within the time limited, the order discharging said attachment shall become operative.

In this case no objection is made to the judgment of the district court upon the cause of action, but simply to the ruling discharging the attachment and sustaining the interplea of S. I. Loper. As the petition in error was not filed for several months after the discharging of the attachment, that order has become final. Under ordinary circumstances the fact that the order discharging the attachment has become final would dispose of this case, but plaintiffs in error contend that they have a right to be heard in this court upon the alleged errors occurring upon the hearing of the interplea of S. I. Loper, and we are inclined to the opinion that this position is correctly taken. We have carefully examined the interplea and all the evidence in this case, and it is impossible for us to say that the decision of the trial court was contrary to law and not supported by the evidence.

The contention in this case arises from the fact that certain real estate had been conveyed to B. F. Loper which shortly before the commencement of this action he conveyed to his wife, S. I. Loper. It was claimed upon the trial that this was a fraud upon the creditors of B. F. Loper, and that S. I. Loper was estopped by her own action from asserting any title as against said creditors. It is true that some of the evidence tends quite strongly to uphold this theory, but there is also evidence which quite as clearly establishes the fact that the real estate in question was

purchased with the separate money of S. I. Loper, and that long before the commencement of this action she had demanded of her husband a deed of the same, and he had promised to convey the land to her. If these facts were true, he probably always held as a trustee for his wife. But the trial court had all the evidence and the witnesses before it, and there being testimony to sustain this finding, it will not be here disturbed.

It is further contended that the interplea of S. I. Loper was not heard by the court, and that the judgment which recites that a hearing thereon took place is false. It appears from the record that the hearing upon the principal case, the motion to discharge the attachment and the interplea of S. I. Loper were, by agreement of counsel made in open court, heard at the same time. It is now contended by counsel for plaintiff in error that no such agreement was made, and affidavits have been filed with the record to sustain the position. Upon the other hand, affidavits of counsel for defendants in error, quite as strong, are filed supporting the position that such an agreement was made. It is to be regretted that any disagreement should occur between counsel as to a stipulation entered into in open court; but where such disagreement arises, and the evidence before this court is conflicting as to what the nature and scope of the stipulation was, a finding of the trial court must be deemed conclusive upon that point, and, as the parties might stipulate to have all these questions heard before the court at one time, we must hold that they are bound by the stipulation.

Perceiving no error in this case, the judgment of the court of common pleas of Sedgwick county is affirmed.

All the Judges concurring.