## STEIN, *Sheriff,* v. SCANLAN.

No. 2176.   Opinion Filed October 15, 1912.

(127 Pac. 483.)

1. **SHERIFFS AND CONSTABLES** — Liabilities — ''Amercement.'' An amercement is a money penalty in the nature of a fine imposed upon an officer for some misconduct or neglect of duty. It is a statutory proceeding, and, like all other penal statutes, must be strictly construed. The right to demand a judgment in amercement is based on no equitable grounds, and in its enforcement courts are bound to hold the party claiming it to a strict observance of the requirements of the statute.

2. **JUDGMENT**—Assignment—Effect. The assignee of a judgment is the only party who can maintain an action on the judgment or enforce it by execution.

3. **SAME.** When an assignment of a judgment duly executed has been recorded in the court where the judgment was entered, or where it has been sent on appeal, or other legal transfer, it operates to, and does in fact, transfer both the legal and equit-able title thereto to the assignee, and the assignor thereafter has no greater right or interest therein than any other stranger to the record.

4. **SHERIFFS AND CONSTABLES**—Liabilities—Amercement. Before an officer can be amerced, it must clearly appear that a valid judgment has been entered; that the same has not been satisfied; that the judgment creditor, or some one acting for him, has filed a praecipe for execution; that an execution has been issued and delivered to the officer for service and return, and that the officer has failed to serve or return the same as required by law.

5. **SAME**—Case. A judgment on its face showed that it was entered for $211 and no costs. The execution issued thereon showed the judgment to be for $211 and $184 costs. No effort was made to supply the omission, although the attention of the court and the judgment creditor was called thereto at the trial. Held, to be such a variance between the judgment and execution as would prevent the court from entering judgment in amercement for the full amount.

6. **SAME.** Where a judgment recites that it was rendered May 11, 1909, and an execution shows that it was rendered May 13, 1909, the court will indulge in no presumption in favor of the plaintiff in amercement proceedings, and will not amerce the sheriff for failure to return the execution.

(Syllabus by Robertson, C.)

Stein, Sheriff, v. Scanlan.

*Error from Creek County Court;*
*Josiah G. Davis, Judge.*

Action by Dennis F. Scanlan to amerce Harry G. Stein, as sheriff, for failure to serve and return an execution. Judgment for plaintiff, and defendant brings error. Reversed.

On May 11, 1909, Dennis F. Scanlan recovered a judgment in the county court of Creek county against Henry Jackson and R. E. Broyles in the sum of $242.67. On July 6, 1909, the judgment creditor sold, by unconditional assignment duly sworn to, and entered on the record in said county court, all his right, title, and interest in and to said judgment. Thereafter, on August 10, 1909, execution was issued on said judgment on a praecipe signed by "Thompson & Smith, Attorneys for Plaintiff and Assignor of said Judgment." On April 10, 1910, said Dennis F. Scanlan, assignor of said judgment, filed in said court his motion to amerce the sheriff for failure to levy and return said execution as required·by law. Trial was had to the court, a jury being denied the sheriff, and a judgment was entered in favor of plaintiff and against the sheriff in the sum of $502.59 and costs. Motion for new trial was presented and overruled, and the sheriff brings error.

*C. B. Rockwood* and *McDougal, Lattimore & Lytle,* for plaintiff in error.

*Hughes & Miller,* for defendant in error.

Opinion by ROBERTSON, C. (after stating the facts as above). An amercement is a money penalty in the nature of a fine imposed upon an officer for some misconduct or neglect of duty. It is a statutory proceeding, and, like all other penal statutes, must be strictly construed. The right to demand a judgment of amercement is based upon no equitable grounds, and in its enforcement courts are bound to hold the party claiming it to a strict observance of the requirements of the statute. In *Duncan v. Drakely,* 10 Ohio, 46, it is said:

"In proceeding under the statute authorizing the amercement of an officer, great strictness is required, and he who would avail himself of the remedy therein provided must bring himself

both within the letter and the spirit of the law.  It is right that it should be so, because the remedy is summary, and in its consequences highly penal.  There is no trial by jury, and but little, if any, discretion left to the court."

While in *Moore v. McClief,* 16 Ohio St. 50, is found the following:

"The plaintiff's right to demand a judgment of amercement in this case can rest on no equitable ground, for the neglect of official duty of which she complains has done her no injury.  The execution-debtor was wholly insolvent when judgment was recovered against him, and has continued to be so ever since.  Her rights then are purely statutory.  And, if she makes a clear case for amercement under the statute, it is no defense against her claim that she had not been damnified.  The statute under which she proceeds is of a penal character.  It affords a summary remedy, without trial by jury, for official delinquency; and, without regard to the amount of damages resulting in fact from such delinquency, it leaves no discretion to the court as to the amount of the judgment to be rendered against the delinquent officer."

Section 5997, Comp. Laws 1909, provides for the amercement of an officer as follows:

"If any sheriff or other officer shall *refuse* or *neglect* to execute any writ of execution to him directed, * * * or shall neglect to return any writ of execution to the proper court on or before the return day thereof, etc., * * * he shall on motion in court, and two days' notice thereof in writing, be amerced in the amount of said debt, damages and costs, with 10% thereon to and for the use of said plaintiff or defendant, as the case may be."

Counsel for plaintiff in error have raised many questions in their petition in error, but there seems to be but one that demands our consideration in the determination of this case, and that one is, Was the execution in this case properly issued, and was it sufficient in law to sustain the amercement proceedings?  If these questions are answered in the negative, the proceedings in the court below are void, and this is especially true in amercement proceedings, in which, as we have seen, every act must be construed strictly in favor of the officer.

At common law the assignee of a judgment was not regarded as invested with the legal title, and therefore was not permitted to maintain an action on the assigned judgment in his own name.

This rule, however, has been abrogated in this state, and here the assignee is the only party who can maintain an action on the judgment or enforce it by execution. This does not mean that the name of the action shall be changed, but it does mean that the proceedings and pleadings subsequent to the assignment shall be carried on in the name of, or at least by, the real party in interest, and this must appear affirmatively of record. When an assignment, duly executed, has been recorded in the court where the judgment was entered, or where it has been sent on appeal, or other legal transfer, it operates to, and does in fact, transfer both the legal and equitable title thereto to the assignee, and the assignor thereafter has no greater right or interest therein than any other stranger to the record. In this case the record plainly shows that Dennis F. Scanlan, the defendant in error, has no right, title, or interest in or to the judgment over which this controversy arose. He does not claim to be the agent, or attorney, of the real party in interest, nor do the attorneys who filed the praecipe upon which the execution issued sign for, or claim to represent, the assignee. Counsel for defendant in error in his brief (page 10a) insists that this proceeding should be in the name of Dennis F. Scanlan, for that the assignment contains the provision *"that I will not collect the same or any part thereof, or release or discharge said judgment, but will own and allow all lawful proceedings therein, the said E. K. Scanlan saving me harmless of and from any costs and charges in the premises."* We fail to see how this can strengthen the contention of the defendant in error. On the other hand, it plainly shows that he bound himself by said assignment to refrain from doing the very thing he is now attempting to do. It would be a peculiar and inconsistent rule of court that would recognize the rights of defendant in error to do everything necessary in and about the collection of this judgment, except to receipt the docket for the money. Under the theory he is now proceeding under, he would claim that right also, and the trial court, to be consistent, would be bound to grant it to him, which rule would permit a stranger, or one whom the record affirmatively shows to have no interest in the action, to issue process, create costs, originate proceedings,

and collect the judgment.   Such surely is not the policy of the law.   We are strengthened in our view of this matter in the instant case because of the fact that defendant in error at the trial in the court below had his attention called to this phase of the controversy, and yet, instead of asking leave to correct or amend the pleadings so as to show his authority to act as agent or attorney in fact of the real party in interest, failed to do so, but persisted in conducting the hearing in his own name, notwithstanding the record showed him to have no interest in the judgment.   We do not attempt to lay this down as a general rule for all classes of cases.   We have in mind at this time the instant case, and recall that amercement proceedings are highly penal in their nature, that trial courts are clothed with but little discretion in the premises, and that the statutory remedy, thus provided, must be strictly followed.

Before an officer can be amerced as in this case, it must clearly appear that a valid judgment has been entered; that the same has not been satisfied; that the judgment creditor, *or some one for him,* has, as provided by statute, filed a praecipe for execution; that an execution has been issued and regularly delivered to the officer for service and return, and that the same has not been served or returned, as required by statute.   In the case at bar, the judgment on its face recites that it was given, made, and rendered on the 11th day of May, 1909, and the execution shows that it was rendered on May 13, 1909.   It may have had reference to the judgment rendered on May 11, 1909, and again it may not.   The original judgment was filed in the county court on May 11, 1909, as shown on page 41 of the case-made.   We in such case will indulge in no presumption in favor of defendant in error.   If it, in fact, had reference to one and the same judgment, the record should affirmatively show it.   Attention to this discrepancy was called to the court's attention at the trial below, but no effort was made to reconcile the conflicting dates, and we must assume that the conflict was irreconcilable, and resolve the doubt in favor of the officer.

This question was before the Supreme Court of Kansas in the case of *Bittman v. Mize,* 45 Kan. 450, 25 Pac. 875, wherein it was said:

"The question is, Was there such a variance between the execution and the judgment introduced to support it as will excuse the sheriff or save him from amercement? We think there was. This is a statutory proceeding, and its character penal. A strict compliance with the law must be observed in its enforcement. The record in this case shows there was but one judgment in the Harper county court between Bittman & Co., plaintiff, v. C. C. Mize, defendant, and that was dated October 14, 1885. There being no judgment in said court between said parties bearing date October 14, 1886, it follows that the clerk of the district court of said county had no authority to issue the execution in question in this case. If the clerk had no authority to issue said execution, it was void, and the sheriff was under no obligation in respect to it in any way."

In *Cutler v. Wadsworth,* 7 Conn. 6, it was said:

"The execution recited a judgment rendered on the fourth Tuesday of February, and the record showed a judgment rendered on the second Tuesday of February."

In *Rider v. Alexander,* 1 D. Chip. (Vt.) 267, it was held that where the execution recited a judgment entered at one term, and the record produced to support such execution was entered up at another term, such execution was irregular, and all proceedings had under it were void. The law certainly will not require a sheriff, under a penalty, to do a thing which, when done, would be void. In *Fuller v. Wells Fargo & Co.,* 42 Kan. 551, 22 Pac. 561, it is held, where a plaintiff is seeking to amerce a sheriff for his neglect or failure to return an execution, the execution, to sustain such a proceeding, must conform strictly to the judgment rendered. So, also, in *Fisher v. Franklin,* 38 Kan. 352, 16 Pac. 341.

Another discrepancy in the execution under discussion is also pointed out, viz., there were no costs taxed in the judgment as entered in the county court in this case, whereas, the execution shows costs taxed in the sum of $184.15. According to our view of the law, where an execution shows on its face that it was issued for an amount greatly in excess of the actual judgment entered in the case, the sheriff or officer to whom it is

directed will not be liable to amercement for failing to return same on or before its return day, there being such a substantial discrepancy between the recitals of the execution and the judgment upon which it is based as to render the former void. We do not say, in this connection, that such defect in the judgment cannot be supplied, but we do say that in the instant case it was not supplied, but still exists wholly unexplained.

After a full consideration of the whole record, we find that it clearly fails to show that the defendant in error had at the time the execution was issued in this case any interest, direct or remote, as principal or agent in the judgment upon which he attempted to have execution issued; that the delinquency of the sheriff, if any there was, occurred long after the assignment of the judgment; that there is a substantial variance between the execution and the judgment, both in date and amount; and that, therefore, the court erred in rendering judgment in amercement, for which error the judgment of the county court of Creek county should be reversed.

By the Court:   It is so ordered.