J. D. GILMORE, *Appellee,* v. THE STATE NATIONAL BANK et al., *Appellant.*

No. 18,352.

SYLLABUS BY THE COURT.

1. JUDGMENT—*In Favor of Corporation—Judgment Assigned—Corporation Dissolved — Judgment Not Dormant.* Where after a judgment has been assigned the assignor, a corporation, is dissolved, no revivor in the name of the assignee is necessary, and the judgment may be kept alive by executions issued in the name of the plaintiff corporation after its dissolution.

2. JUDGMENT—*May be Assigned by Parol.* A judgment may be assigned by parol, and after the assignment may be enforced by the assignor in the name of the original plaintiff.

Appeal from Sheridan district court.   Opinon filed July 5, 1913.   Reversed.

*Arch L. Taylor,* of Colby, *Guy Spencer, C. A. Spencer,* both of Oakley, and *A. Bowers,* of St. Joseph, Mo., for the appellant.

*W. H. Clark,* of Hoxie, and *J. J. Baker,* of Troy, for the appellee.

The opinion of the court was delivered by

PORTER, J.: Action to enjoin the levy of an execution upon real. estate. The sole question in. this case is, After a judgment has been assigned and the assignor, a corporation, has been dissolved, is a revivor of the action in the name of the assignee necessary, or may the judgment be kept alive by executions issued in the name of the plaintiff corporation after its dissolution? The trial court held the judgment dormant and the execution void and issued a permanent injunction. The assignee, defendant below, appeals.

In 1896 The State National Bank, a corporation, recovered a judgment in Doniphan county against J. D. Gilmore and others upon a promissory note belonging to B. F. Harpster, which he had transferred to the bank as collateral security upon his individual indebtedness. Shortly after the judgment was rendered Harpster settled with the bank, and the bank assigned the judgment to him by a parol assignment. Some time thereafter the bank dissolved as a corporation and went out of business. Harpster had executions issued from time to time upon the judgment in the name of the bank which were returned "no property found"; and the judgment was thus kept alive, unless it became dormant for a failure to have the action revived in the name of the assignee. A transcript of the judgment having been filed in Sheridan county an execution was levied upon the lands of Gilmore who thereupon brought this action against the sheriff. B. F. Harpster, upon his own application, was made a defendant. There being no controversy over the facts the cause was submitted upon a demurrer to his answer.

Gilmore v. Bank.

"A judgment may . . . be assigned by . . . parol." (23 Cyc. 1416, and cases cited in notes.) In *Garvin v. Hall*, 83 Tex. 295, 18 S. W. 731, it was held that a judgment may be assigned by parol and must be enforced in the name of the original plaintiff and that this would be permitted after the death of the plaintiff. To the same effect is *Clark adx. v. Moss et al.*, 11 Ark. 736. In 23 Cyc. 1417 it is said:

"The effect of a valid assignment of a judgment is to divest the assignor of all interest in it and all control over it and to transfer to the assignee the ownership of the judgment debt and all remedies and means of enforcing and collecting it."

In *MacRae v. Piano Co.*, 69 Kan. 457, 77 Pac. 94, it was said:

"The dissolution of a corporation operates, as to it, the same as the death of an individual; all its powers, prerogatives and authority—its life—ceased, and all legal proceedings then pending were at once suspended." (p. 460.)

Upon the death of the plaintiff in an action upon which a judgment has been rendered the judgment becomes dormant, and executions issued after the death of the judgment plaintiff without a revivor of the judgment are void. (*Newhouse v. Heilbrun*, 74 Kan. 282, 86 Pac. 145.) Practically the same question involved here was decided in *Harris v. Frank*, 29 Kan. 200. The judgment in that case had been rendered in the name of L. Hall, who transferred it to Frank and Kuhnle and afterwards died. It was contended that the judgment became dormant upon the death of the plaintiff. Justice Valentine spoke for the court and said in the opinion:

"We do not think that the judgment was dead, as the plaintiff in error claims. It was valid and in full force and effect when it was transferred by L. Hall & Co. to the present defendants in error, Frank and Kuhnle; and the subsequent death of Hall, who had no possible interest in the judgment at the time of his

death, could not destroy its force or effect or operation. It was still valid and operative in the hands of Hall's assignees, Frank and Kuhnle, and they still had the right to enforce it, just the same as though Hall had continued to live. Besides, what good reason could there be for reviving the judgment in the name of Hall's administrator, when the administrator could take no possible interest in the judgment? But suppose that Hall died without leaving any assets to be administered upon, then for what purpose would an administrator be appointed? Would he be appointed for the mere purpose of having the judgment, then owned by Frank and Kuhnle, revived in his name, so that Frank and Kuhnle could enforce the same? Such a transaction would seem to be ridiculous and absurd. We do not think that the death of Hall, after he assigned the judgment to Frank and Kuhnle, could make any possible difference with respect to the rights of Frank and Kuhnle. They would still have the right to enforce the judgment just the same as though Hall had lived." (p. 202.)

The opinion states the decision of the court in the following language:

"We think that there was no necessity for any revivor of the judgment in the name of the legal representatives of Luther Hall, deceased, or otherwise." (p. 204.)

This decision was followed in *Weaver v. Lock,* 4 Kan. App. 335, 45 Pac. 1039. The case relied upon by the appellee is *K. O. & T. Rly. Co. v. Smith,* 40 Kan. 192, 19 Pac. 636, holding that where a railroad company is consolidated with other railroad companies under a new name it ceases to exist as a corporation, and an action brought by or against it before its consolidation can not afterwards be prosecuted by or against it in its original name. The consolidation was held in effect the same as the death of an individual. The opinion was written by Justice Valentine, who does not refer in it to the earlier opinion of *Harris v. Frank,* supra, doubtless for the reason that it was not regarded as at all in conflict with the principles controlling the latter.

Fike v. Railway Co.

At the time of the consolidation of the plaintiff railroad with other railroads in the Smith case the action was pending. In *Harris v. Frank,* as in the case at bar, the disability of the original plaintiff occurred after judgment had been transferred to the assignee. It is where the owner of a judgment dies that revivor is necessary. We think the case of *Harris v. Frank* is controlling. The executions were rightly issued in the name of the original plaintiff. The general rule where no statute controls is, that after a judgment has been assigned execution "should be issued at the instance of the assignee in the name of the assignor" (17 Cyc. 938), for the reason that it must conform to the judgment. (*McHany v. Schenk,* 88 Ill. 357; *Wilgus v. Bloodgood,* 33 How. Pr. 289; *Corriell v. Doolittle,* [Iowa] 2 G. Greene, 385.)

For cases to the contrary, holding that upon the death of the original plaintiff the judgment becomes dormant, notwithstanding that previous to his death he had assigned it to another person see Note, 61 L. R. A., 359.

The judgment will be reversed and the cause remanded for further proceedings.