## SANDITEN et al. v. WILLIAMS, District Judge, et al.

No. 26362.   Sept. 10, 1935.

Silverman, Rosenstein & Fist, for petitioners.

W. A. Barnett and Charles A. Dickson, for respondents.

OSBORN, V. C. J. This is an original application in this court by H. Sanditen and M. Sanditen for a writ of prohibition to be directed to the Honorable Bradford J. Williams, judge of the district court of Tulsa county, to prohibit said judge and the district court of Tulsa county from exercising further jurisdiction over a proceeding pending in said court in aid of execution.

On December 14, 1922, a judgment was rendered by the district court of Okmulgee county in favor of the State Bank Commissioner and against H. Sanditen and M. Sanditen, the petitioners in this case. On July 5, 1929, the judgment was assigned to A. E. Graham, who died on April 9, 1930. On May 6, 1930, Alice B. Graham was appointed and qualified as administratrix of his estate. On January 22, 1935, Alice B. Graham, as administratrix, filed in the district court of Tulsa county an application for an order to bring the judgment debtors into court and examine them under oath, touching their assets. The respondents therein, petitioners herein challenged the jurisdiction of the court to entertain such proceeding by motion to dismiss, which motion was overruled by the trial court and the cause set for hearing, whereupon this application was filed.

There is presented in this application a question which is new in this jurisdiction.

Petitioners contend that upon the death of A. E. Graham, who was not a party to the original action, but who was the purchaser and assignee of said judgment, the same became dormant and unless revived within the time and in the manner prescribed by the statutes the same became dead, and consequently the trial court was without authority to entertain an ancillary proceeding in aid of execution. To sustain this position petitioners rely upon the following cases; Harris v. Frank, 29 Kan. 200; Weaver v. Lock (Kan. App.) 45 P. 1039; Gilmore v. State Nat. Bank, 90 Kan. 405, 133 P. 726. These cases do not support petitioners' contention, but hold that revivor is not necessary where a judgment creditor died and prior to his death had sold and assigned the judgment to another party. Such holding is in harmony with the rule which obtains in this jurisiction to the effect that the assignee of a judgment is the only party who can maintain an action on the judgment or enforce it by execution. Stein v. Scanlan, 34 Okla. 801, 127 P. 483.

We have carefully examined the briefs filed by the parties and find cited no statute, decision of any court, or other authority to the effect that a judgment owned and held by an assignee thereof becomes dormant upon the death of such assignee. Obviously, until such judgment becomes dormant, there is no necessity for revivor.

Under the provisions of section 156, O. S. 1931, the court is authorized to permit the administratrix to proceed to collect the judgment involved herein.

The application for the writ is denied.

McNEILL, C. J., and BAYLESS, WELCH, and CORN, JJ., concur.