REDWINE et al. v. ALEXANDER.

No. 34920. Nov. 27, 1951.

Rehearing Denied Feb. 26, 1952.

Application for Leave to File Second Petition for Rehearing Denied March 11, 1952.

*241 P. 2d 376.*

Hulsey & Hulsey, W. N. Redwine, and W. J. Hulsey, McAlester, for plaintiffs in error.

Geo. L. Hill and Kirksey M. Nix, McAlester, for defendant in error.

BINGAMAN, J. The plaintiff in error commenced an action in the district court of Pittsburg county against R. D. Johnson and Ida Johnson, for

the replevin of certain livestock valued at $500. On June 13, 1950, an order of replevin was duly issued to the sheriff of Pittsburg county. The writ was received by the sheriff on the 14th day of June, 1950, at 4 o'clock p. m., and on the 15th day of June, 1950, at 9 o'clock a. m., he served the writ on the defendants and seized possession of the personal property therein specifically described. For convenience the sheriff left the livestock in the possession of the defendants, after the levy. Following the expiration of 24 hours, no redelivery bond having been made, the plaintiffs sought to obtain delivery of the livestock. The sheriff then gave the plaintiffs an oral order to pick up the livestock, but they were unable to locate the same in the possession of defendant, Johnson. Later that same day and after the expiration of the twenty-four hour period, the sheriff took and approved a redelivery bond from the defendant, R. D. Johnson. The plaintiffs then sought to amerce the sheriff for their benefit in the amount of $500, the value of the livestock replevined. On hearing the trial court held the redelivery bond was of no force or effect, having been made after the expiration of the statutory time, denied the amercement and directed the sheriff to deliver the livestock to the plaintiffs on the supplying by them of suitable means of transporting the same. The plaintiffs have appealed, contending the sheriff having failed to discharge his duty is liable to them under the amercement statute for the value of the property involved.

The amercement is sought under the provisions of 12 O.S. 1941 §811. This section of the statute is included in the subdivision of the civil procedure laws dealing with executions. The statute specifically provided the officer shall be liable for the amercement if he "shall refuse or neglect to execute any writ of execution to him directed," or "refuse to sell any goods and chattels, lands and tenements, or shall neglect to call an inquest and return a copy thereof forthwith", or "shall neglect to return any writ of execution", or "to return a just and perfect inventory of all and singular the goods and chattels by him taken in execution", or "to pay over to the plaintiff . . . all monies by him collected or received." Obviously these are all steps in the levy, sale, return and disposition of proceeds of sale, under an execution. Quite apparently such proceedings occur after the rendition of judgment and at a time when the plaintiff's demand is not in dispute. Such statutes are penal in character and should be strictly construed.

"An amercement is a money penalty in the nature of a fine imposed upon an officer for some misconduct or neglect of duty. It is a statutory proceeding, and, like all other penal statutes, must be strictly construed." Stein, Sheriff, v. Scanlan, 34 Okla. 801, 127 P. 483.

"Statutes providing for the amercement of sheriffs or constables are penal in their nature, and like all other penal statutes, are strictly construed and held to apply only to default clearly within their terms. The party who seeks to amerce a sheriff must bring himself within both the letter and the spirit of the law." First State Bank v. Graybeal, 169 Okla. 543, 37 P. 2d 912; Riddle v. Bishop, Sheriff, 183 Okla. 55, 79 P. 2d 801.

Replevin is a statutory proceeding for the delivery of possession of property. By statute it is defined as an order for the delivery of property. 12 O. S. 1941 §1574. Clearly, it is not a writ of execution within the contemplation of section 811, supra. The replevin statute provides that the remedy to enforce delivery of the property in compliance with the order of replevin shall be by attachment. 12 O. S. 1941 §1583.

The amercement statute provides that the officer, on being amerced, shall be subrogated to the rights of the judgment creditor and shall be entitled to sue out execution and collect the judgment. 12 O. S. 1941 §818. Such subrogation would be of no avail under the replevin statute because replevin, such as in the case at bar, is usually sought

108

prior to the final judgment. The plaintiff in replevin may or may not finally recover the property in the suit.

Affirmed.

HALLEY, V.C.J., and CORN, GIBSON, DAVISON, JOHNSON, and O'NEAL, JJ., concur.