FLETCHER v. ROYSE, Sheriff.

No. 35665.  May 19, 1953.

*257 P. 2d 507.*

468

Vincent Harper, El Reno, for plaintiff in error.

Porta & Weaver and Rinehart & Rinehart, El Reno, for defendant in error.

CORN, J. In September, 1951, plaintiff recovered judgment against one Pettigrew for $2,530 and costs of $8.15, in a suit on a note. Pursuant to plaintiff's praecipe the court clerk issued execution on January 18, 1952, directing the county sheriff, respondent herein, to levy upon the judgment debtor's goods and chattels, and for lack thereof upon certain real property. The execution, returnable in 60 days, together with a typewritten memorandum of property to be levied upon, was delivered to respondent's office the same day. February 5, 1952, respondent's deputy called upon plaintiff to furnish an indemnity bond to protect respondent from any damages that might arise out of his levying the execution. Plaintiff purchased such bond ($5,000) which was approved by the county attorney, and delivered same to respondent's deputy.

Respondent had knowledge of the execution, approval and delivery of the indemnity bond.

Respondent made no return of the execution to the court clerk, and March 21, 1952, plaintiff filed motion to amerce respondent under the provisions of 12 O. S. 1951 §811. Such motion set forth the above facts and that respondent had failed, refused and neglected to return the execution within 60 days, and asked that he be amerced in sum of $2,603.80, plus the additional 10% provided by statute.

The motion was set for hearing, but the matter was continued and plaintiff filed an amendment to her motion, setting out that she had been required to expend $50 for an indemnity bond and asking that respondent be amerced such additional amount, plus 10%, together with a reasonable attorney fee, as damages.

The matter was heard April 12, 1952, respondent having filed no pleadings. Respondent testified he had received the execution but had made no levy upon any of the judgment debtor's property, and did not make a return of the execution within 60 days. He testified plaintiff's attorney advised him that he particularly desired the levy to be made upon certain trucks owned by the debtor (Pettigrew) and that he attempted to do this and regularly sought to find these trucks, but was unable to locate them. He advised the attorney of such circumstances, and the attorney told him to wait until it was possible to catch the trucks and levy upon them. It was plaintiffs' theory and testimony that respondent's deputy had been asked to expedite the levy and make same as soon as possible; and that respondent had not been requested not to levy the execution.

After hearing all the testimony the trial court denied the motion to amerce. Motion for new trial was heard and overruled, and plaintiff has appealed from the trial court's order.

The two propositions are urged as grounds for reversal. However, both are based upon the argument that the respondent rendered himself liable in amercement for failing and refusing to levy the execution, and in failing to return the execution with his action endorsed thereon within 60 days following issuance and receipt of the writ.

Plaintiff relies upon the provisions of 12 O.S. 1951 §751 and §811. The former section provides, in substance, that upon receiving a writ of execution the officer shall immediately levy upon the debtor's goods. If no goods are found such fact is to be endorsed upon the writ and the officer then shall levy upon any real property which may be liable to satisfy the judgment. If such property is encumbered by mortgage, or other lien, the property may be levied upon and sold subject thereto.

The latter section provides that for neglect or refusal of a sheriff to execute any writ of execution directed to him, or to return such writ to the proper court on or before the return day thereof, he may be amerced in the amount of the debt, damages and costs thereon for the use of the plaintiff or defendant as the case may be.

Plaintiff urges that since respondent failed, refused and neglected to levy on any of the judgment debtor's property pursuant to the writ, and because he failed, neglected and refused to return the execution within 60 days from the date thereof, the rule announced in our early decision of Henderson-Sturges Piano Co. v. Smith, Sheriff, 33 Okla. 335, 125 P. 454, should be applied. In that opinion it was pointed out that our statute was adopted from the State of Kansas; and, in an early case from that court construing this statute, the court stated that the language of the statute expressly requires that an officer be amerced for failure to perform the express duty laid upon him by statute. The statute implies no discretion, but is peremptory, and the amercement is a penalty for neglect of duty. Such states

the general rule, it being recognized that amercement is a money penalty imposed by statute for misconduct or neglect of duty, the object being to insure promptness and fidelity on the part of officers. 47 Am. Jur., Sheriffs, Police and Constables, §187; Stein v. Scanlan, 34 Okla. 801, 127 P. 483, 42 L.R.A. (N.S.) 895.

The remedy fixed by statute requires that an officer be amerced, without discretion on the part of the trial court, whether his failure to act results from willful wrong or mere neglect, and regardless of whether such conduct has resulted in actual injury. Henderson-Sturges Piano Co. v. Smith, supra. However, it is recognized generally that such statutes are penal in nature, and are to be strictly construed and applied only to instances where the default clearly is within the terms thereof. Stein v. Scanlan, supra; Bank of Lovell v. Graybeal, 169 Okla. 543, 37 P. 2d 912; Redwine v. Alexander, 206 Okla. 106, 241 P. 2d 376.

47 Am. Jur., Sheriffs, etc., §209, concerning failure to levy execution, states:

"* * * The inability of a sheriff to levy will not excuse him from liability, *if the inability is a result of his own voluntary act or conduct. * * *"*

And, the same text, section 212, states the rule:

"The officer may avoid liability by proving a reasonable excuse for failure to make a return. He may show that the delay or failure to return the execution was due to his obedience of instructions given him by the execution creditor or by such creditor's attorney of record; or he may prove that the plaintiff had sustained no injury.***"

Respondent's defense to the motion for amercement herein was predicated upon evidence tending to show that his failure to levy the execution and make return thereof was not the result of his own voluntary act, but resulted from his obedience to instructions given by plaintiff's attorney. While we have not

470

been called upon to consider such circumstances heretofore, we are convinced that the trial court was correct in denying plaintiff's motion to amerce. The evidence was sufficient to justify the trial court in finding that respondent's failure to act, or to make return of the writ as directed, resulted from the instructions given him to withhold levying upon the debtor's property until there was an opportunity to levy upon the trucks.

In Stein, Sheriff, v. Scanlan, supra, the opinion quotes from Duncan v. Drakely, 10 Ohio 46, as follows:

"In proceeding under the statute authorizing the amercement of an officer, great strictness is required, and he who would avail himself of the remedy therein provided must bring himself both within the letter and the spirit of the law. It is right that it should be so, because the remedy is summary, and in its consequences highly penal. There is no trial by jury, and but little, if any, discretion left to the court."

In W. T. Rawleigh Co. v. Hester, 190 Miss. 329, 200 So. 250, that court, in considering an amercement proceedings, said:

" * * * Wherever, indeed, statutes of this character are found they are regarded as of a character so highly penal that very slight circumstances are held to exempt officers from their operation."

Other matters are presented by the parties to this appeal. In view of the conclusion reached herein, it is unnecessary to pass upon such questions.

Judgment affirmed.

HALLEY, C.J., JOHNSON, V.C.J., and WELCH, O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur.