**INTEROCEAN SHIPS, INC., a Delaware Corporation, Plaintiff**

**v.**

**SAMOA GASES, a corporation, Defendant**

High Court of American Samoa
Trial Division

CA No. 123-85

December 4, 1995

Before RICHMOND, Associate Justice.

Counsel: For Plaintiff, William Reardon
For Defendants, Roy J.D. Hall, Jr.

Order Requiring Further Briefing:

## I. INTRODUCTION

On May 2, 1994, we issued a decision finding defendant Samoa Gases ("Samoa Gases") liable in a products liability case arising out of an explosion on a ship. Its liability was measured at $47,455.96 plus 6% post-judgment interest. On June 21, 1995, Samoa Gases paid $51,963.69 to the court registry with the intention of satisfying this judgment. A notice of satisfaction of judgment was filed on that same day. Pursuant to the court order, Samoa Gases paid the $51,963.69 to the plaintiff Interocean Ships, Inc. ("Interocean") by way of cashier's checks.

Interocean's on-island counsel forwarded the checks, which had been released to him, to off-island counsel, who then forwarded them to Interocean's former president. The checks were later returned to Interocean's counsel. According to Interocean's former president:

> In December of 1993 the InterOcean Ships, Inc. corporation was closed in all respects. I have therefore sought advice of our corporate counsel regarding how I could endorse these checks. I've been advised that since the corporation is closed, there are no officers or directors and all bank accounts have been closed, no signature authority exists.

Affidavit of William H. Reardon, Ex. A.

Subsequently, Interocean's on-island counsel contacted Samoa Gases' counsel asking that the checks be reissued in either his name as trustee, or in the name of another corporation, InterOcean Industries, Inc. and the agents for the underwriters, Rice, Fowler, Booth and Banning. Neither InterOcean Industries nor Rice, Fowler, Booth and Banning was a party to the litigation. Samoa Gases' counsel never responded to Interocean's requests, prompting Interocean to file the instant motion in aid of judgment. The motion was heard on November 27, 1995, with counsel present.

## II. DISCUSSION

 In reviewing this motion, we have discovered a potential problem with our earlier judgment. If Interocean's exhibits are correct, it no longer exists. We are not sure, then, who has filed this motion, since it is brought in Interocean's name. Under the common law, when a corporation ceases to exist, it ceases to have any capacity to sue or be sued. *Walling v. James V. Reuter, Inc.*, 321 U.S. 671, 675-76 (1944); *Pendleton v. Russell*, 144 U.S. 640 (1892); 19 AM. JUR. 2D *Corporations* § 2896 (1986). A dissolved corporation loses its ability to appeal or apply for a writ of certiorari. 19 AM. JUR. 2D *Corporations* at § 2905. Furthermore, any pending cases are abated on the corporation's dissolution.

> [I]n the absence of statutory provisions to the contrary, it is the rule that a judgment entered in favor of a corporation after its dissolution is invalid, regardless of whether the action was commenced before or after the dissolution; and it has been held that if a judgment in its favor is, after dissolution entered and collected, a return of the money to the debtor may be enforced.

110

19 AM. JUR. 2D *Corporations* at § 2906. Interocean was apparently dissolved as of December 1993. Affidavit of William H. Reardon, Ex. A. This information was not made known at trial. The judgment in this case was not rendered until May 1994. Thus, we question whether the judgment was validly issued.

■ The ability to sue or be sued may be extended beyond the corporation's date of dissolution by statute. *See* 19 AM. JUR. 2D *Corporations* § 2896. Apparently, almost every U.S. jurisdiction has passed such a statute. American Samoa's corporations code has a section dealing with dissolutions of corporations, A.S.C.A. § 30.0121, but it does not explicitly address the issue of dissolution during a lawsuit. Interocean may also have an argument that the judgment persists under a valid pre-dissolution assignment.[1] *See, e.g., Gilmore v. Harpster*, 133 P. 726 (Kan. 1913). There is also an unaddressed conflicts of law issue, because Delaware corporate law may apply in this case.

Therefore, we will require further briefing on the present issues. Each side will brief the court on the following issues:

> 1) Was Interocean dissolved before judgment was rendered in this case?
>
> 2) If so, does the common law apply to abate the proceeding? Does the American Samoa statutory provision overrule the common law and allow the action to survive?
>
> 3) Should the Deleware corporations law apply to this proceeding? If so, does that law allow the chose in *action to survive Interocean's dissolution?*
>
> 4) Was there an assignment of the chose in action before the dissolution of Interocean? If so, does the assignment survive the dissolution?

Interocean Ships shall submit its brief within 30 days from the entry of this order. Samoa Gases shall have 20 days from the submission of Interocean's brief to file its response. Interocean shall then, at its option, have 10 days to submit a reply brief. A hearing on the matter will be set if necessary.

---

[1] We note, however, that a chose in action arising *ex délicto* was not assignable under common law or equity. 6 AM. JUR. 2D *Assignments* § 34. Statutes have changed this in many jurisdictions. *See id.*

It is so ordered.