Wallace Gleason, *as Sheriff of Saline County*, v. J. M. Itten.

Sheriff—*Amercement—Additional Costs—Execution*.  Where a plaintiff is seeking to amerce a sheriff, the execution must conform strictly to the judgment rendered; and if additional costs, which have accrued subsequent to the rendition of the judgment, are to be included in the execution, such costs should be indorsed upon or referred to in the execution as accruing or additional costs.

*Error from Saline District Court.*

On the 12th of March, 1889, by a *nunc pro tunc* order, J. M. Itten recovered a judgment upon a verdict rendered in his favor in the court below on the 11th day of December, 1886, against Charles Hegelund, Magnus Buck, August Palmlief, W. E. King, and Walter Younger, defendants.  The amount was for $750 debt, and $217.25 costs.  No rate of interest was specified.  On the 9th day of April, 1889, an execution was issued to Wallace Gleason, the sheriff of McPherson county, which was by him handed over to the clerk of the district court of that county, with the request that he enter it upon the foreign execution docket.  This the clerk refused to do unless his fees were first paid.  The execution was then returned to the sheriff, and he wrote to J. G. Mohler, one of the attorneys of record for Itten, advising him of the clerk's action, and requesting him to send the clerk's fees, but the letter was ignored.  The fees were never sent, the execution was not entered, and, aside from making inquiry and ascertaining that those of the defendants who lived in McPherson county were absolutely insolvent, nothing was done until after the return day.  The execution was as follows:

"State of Kansas, Saline County, *ss.*

"*The state of Kansas to the sheriff of McPherson county, in said state, greeting:* Whereas, J. M. Itten, on the 24th day of May, A. D. 1886, obtained judgment before the 14th judicial district court of the state of Kansas, sitting in Saline county, against Charles Hegelund, Magnus Buck, August Palmlief, W. E. King, and Walter Younger, for the further

sum of $750 damages, together with interest on said damages at the rate of [not given] per cent. per annum from date of judgment until paid, and also for the sum of $220.90 as costs in this behalf expended: these are therefore to command you, that of the goods and chattels of the said Charles Hegelund, Magnus Buck, August Palmlief, W. E. King and Walter Younger you cause to be made the damages and costs aforesaid; and for want of goods and chattels you cause the same to be made out of the lands and tenements of the said Charles Hegelund, Magnus Buck, August Palmlief, W. E. King, and Walter Younger; and that you have the same before the court aforesaid in 60 days from this date, in Salina, Saline county, and state of Kansas aforesaid; and that you then and there certify how you have executed the writ.

WITNESS my hand and the seal of said court, affixed at my office in Salina, this 9th day of April, A. D. 1889.

C. J. FREDRICSON, *Clerk.*
By A. FREDERICSON, *Deputy."*

Shortly afterward proceedings in amercement were instituted, and judgment was rendered against the sheriff for the amount of the judgment and costs, and part of the costs afterward incurred, with 10 per cent. penalty, making a total of $1,067.99. He brings the case here.

*Milliken & Galle,* and *Garver & Bond,* for plaintiff in error:

We think there was a total variance between the judgment and the execution. This being the case, it falls within the rule of *Fisher v. Franklin,* 38 Kas. 251, and *Fuller v. Wells,* 42 id. 551.

The opinion of the court was delivered by

HORTON, C. J.: This was a proceeding in the court below to amerce the sheriff of McPherson county for his failure to return an execution. The defendant below filed his brief within the time prescribed, and also made an elaborate oral argument upon the hearing. The plaintiff below has not filed any brief, and no oral or other argument has been presented in his behalf. In this case the execution debtors had no property in McPherson county whereon to levy the exe-

cution issued to the sheriff of that county, and therefore the neglect of the official duty, of which the plaintiff below complains, has done him no actual injury. The judgment was rendered in Saline county on May 24, 1886, but was not entered of record until the 12th of March, 1889, and then upon a *nunc pro tunc* order. It was for $750 damages, together with the costs, taxed at that time at $217.25. Execution was issued on the 9th of April, 1889, and recited the judgment of the 24th of May, 1886, for $750 damages, and $220.90 as costs. The judgment docket at that time showed the rendition of the judgment, and costs taxed at $217.25, and additional costs of $5.70. The clerk, in explaining the judgment docket, stated that he could give no reason for certain costs therein taxed, but added that the additional costs, at the time of issuing the execution on the 9th of April, 1889, including the costs of the execution, amounted to $3.65, making the total costs on the 9th of April, 1889, $220.90.

The statute makes it the duty of the clerk of the court to tax the costs to be inserted in the judgment, but the costs so taxed and inserted, as of the date of the judgment, should only include the costs up to and inclusive of the rendition of the judgment. The costs after the rendition of the judgment should be indorsed upon or referred to as accruing or additional costs. Generally, a part of the execution reads:

"Whereas, on the ——— day of ————, 18—, A. B., plaintiff, recovered a judgment in the said district court of the state of ————, in and for the ————, county of ———, against C. D., for the sum of ——— dollars damages, with interest at the rate of ——— per cent. ——— till paid, together with costs of $———, at the date of said judgment, and accruing costs of $———, amounting in all to the sum of ——— dollars, lawful money of the United States, as appears to us of record."

The execution, if it had been issued in the usual form, would have recited the judgment of $750, and the costs of $217.25, of the date of the judgment; and the accruing or additional costs, whatever they were, would have been indorsed upon or referred to in the execution as accruing or additional

costs. The execution, therefore, did not conform strictly to the judgment rendered. It stated a greater amount of costs than the actual amount due or taxed at the date of the judgment.

Within the authority of *Fisher v. Franklin*, 38 Kas. 251, and *Fuller v. Wells*, 42 id. 551, the judgment will be reversed, and the cause remanded.

All the Justices concurring.