## GEORGE S. FENTON v. C. T. WHITE.

1. ACTION—*Proceedings to Amerce Sheriff—Appeal.* The proceedings upon a motion to amerce a sheriff are in the nature of a civil action. and the order of the trial court is a final adjudication in the matter and a final judgment which entitles the defendant, when a hearing has been had in the probate court to an appeal to the district court for a re-hearing of the facts in the case, and when the appeal is properly taken, the case is in the district court and must be re-heard there.

*Error from the District Court of Kay County.*

### STATEMENT OF FACTS.

White, the defendant in error, brought suit in the probate court of Kay county, on September 26, 1894, to recover judgment against Murray and Moore for three hundred and eighty dollars, and costs.    An execution was, on the following day, issued upon said judgment and placed in the hands of the plaintiff in error, George S. Fenton, then sheriff of Kay county, which execution was returned unserved.    The defendant in error, White, thereupon filed his motion in the probate court to amerce the said sheriff and on the same day the sheriff filed his answer to said motion.

The motion to amerce averred the rendition of judgment and the issuance of execution, and declared, (1) that Fenton, as sheriff of said county, had wholly refused and neglected to execute the writ of execution which had been placed in his hands; and (2) that he had neglected and refused to sell certain goods and chattels by him levied upon under the writ of execution and had wrongfully released the same; and (3) that he had neglected to return a just and perfect inventory and appraisment of the goods and chattels by him levied upon and taken under the writ of execution.

The plaintiff in error answering, (1) denied that he had neglected to return a just and perfect inventory, and said, (2) that he was at all times ready and willing to levy said execution upon the goods belonging to the defendants or upon any goods shown to him by the plaintiff or his agents belonging to the defendants, and that he made diligent search for property belonging to defendants; and (3) that plaintiff had shown him property of the defendants and requested him to make a levy on it, but that such property was claimed by another person, namely, John Blanchard, and was in the possession of Blanchard, and held under a chattel mortgage duly recorded and sold, presented to this respondent for the sum of $2,405; and that he had demanded of White, defendant in error, a good and sufficient indemnity bond before he could or would levy on said goods, and that defendant in error neglected and refused to give him such bond. That the bond tendered by defendant in error to plaintiff in error was not good and sufficient to indemnify him; that he had inquired as to the solvency of the sureties offered therein, and that after one of the bondsmen had signed the bond he demanded to be released from it, and that another surety was not solvent or worth the amount stated in his affidavit, and that he had notified the defendant in error that the bond tendered was not good and refused to accept it for the purposes therein mentioned. Plaintiff in error filed with his answer a copy of the chattel mortgage referred to.

Upon the issues thus made up, a trial was had upon the 5th day of December, 1894; evidence was produced and heard, and arguments of counsel made, and the probate court thereupon rendered judgment against the plaintiff in error, Fenton, for the amount claimed in the motion for amercement, and ten dollars costs, and ten

per cent thereon, to which judgment the said Fenton excepted, and thereupon gave notice of appeal to the district court of Kay county, and thereafter filed his appeal bond which was approved on the 10th day of December, 1894, by the probate judge, and all the papers in the case were thereupon forwarded to the district court. Thereafter, on February 21, 1895, the defendant in error, White, filed his motion in the district court in the said case, moving the court to dismiss the appeal on the ground that an appeal did not lie to the district court from such an order. This motion was heard by the district court on the 10th day of October, 1895, and sustained on the ground that the district court had "no jurisdiction of the subject matter of the appeal," from the order of amercement against the plaintiff, as sheriff. The court thereupon rendered a judgment dismissing the appeal. From this order of the district court of Kay county the plaintiff in error appeals to this court for a reversal thereof.

*Blevins & King,* for plaintiff in in error.

*Exline & Jacobus,* for defendant in error.

The opinion of the court was delivered by

McATEE, J.:    The sole question in the case is whether an appeal lies to the district court from an order of the probate court amercing the sheriff.

Section 1566 of the Statutes of 1893 specifies the extent of the appellate jurisdiction of the district court over the probate court, as follows:

"If questions of fact are to be re-tried in the appellate court, the appeals shall be taken to the district court of the county in manner and form as appeals are taken from judgments of justices of the peace."

The method prescribed by the statute for taking appeals from judgments of justices of the peace, as found in § 4764 of the Statutes of 1893, is that:

"In all cases not otherwise specially provided for by law, either party may appeal from the final judgment of any justice of the peace to the district court of the county where the judgment was rendered."

The fact that the plaintiff in error took the appeal from the action of the probate court instead of filing his petition in error, was a sufficient indication that it was his purpose in appealing to the district court to have the case re-tried upon the questions of fact. In as much as there was a hearing in the probate court upon issues of fact framed, and evidence produced, we think that he was entitled to have a re-hearing on appeal if it should be concluded that that order should either be denominated a final judgment, or if it should be found that it was, in fact, such an order as finally determined the rights of the plaintiff and of the defendant in error in that matter.

It is, in § 4370 of the Statutes of 1893, provided that:

"All amercements so procured, shall be entered on the record of the court, and shall have the same force and effect as a judgment."

And it is provided in § 4371 that:

" Each and every surety of any sheriff or other officer may be made party to the judgment rendered as aforesaid, against the sheriff or other officer, by action, to be commenced and prosecuted as in other cases. * * * Nothing herein contained shall prevent either party from proceeding against such sheriff or other officer, by attachment, at his election. "

And by § 4372 that:

"In cases where a sheriff or other officer may be amerced, and shall not have collected the amount of the original judgment, he shall be permitted to sue out an

execution and collect the amount of said judgment, in the name of the original plaintiff, for his use."

It is not only provided here that the order of amercement "shall have the same force and effect as a judgment," but it is also provided with reference to the very order of amercement itself, that " to the judgment rendered as aforesaid each and every surety of any sheriff or other officer may be made a party;" and again, the order of amercement is by very strong inference denominated a judgment, inasmuch as in the closing section above cited the judgment from which the execution issued, is termed the "original judgment." This last distinction is one which is only proper for the legislator to have used if he meant to distinguish it from that other order of amercement against the sheriff, which may be rendered against him if he "shall not have collected the amount of the original judgment." So that the legislature has not only here declared that the order of amercement shall have the same force and effect as a judgment, but declares the order of amercement to be a judgment itself, and distinguishes it from that other judgment which was the "original" judgment, and from which, it being itself a judgment, it is necessary to carefully distinguish it.

These provisions of the statute, being a part of the Code of Civil Procedure, are identical with the Code of Civil Procedure of the state of Kansas.

The understanding here given is that of the supreme court of the state of Kansas in *Knox v. Merrill*, 22 Kan. 403. It was explicitly stated by Judge Brewer, who delivered the opinion of the court in the case, that:

"The single question is as to when an order of amercement becomes a lien on the real estate of the officer amerced, situate within the county—whether at the date of the order, or at the time of the levy of an

execution issued thereon. The district court held that it became a lien from the day of its date, and we think this ruling correct."

In *Wadsworth v. Parsons*, 6 Ohio, 450, upon error from an order sustaining the motion to amerce the sheriff, the supreme court of Ohio, in stating the case, set forth that "the plaintiff seeks to reverse this judgment," and after considering the case and making a ruling on it declared "the judgment affirmed."

In *Duncan v. Drakeley*, 10 Ohio, 45, upon a case coming up from the common pleas to the supreme court of that state in the same manner, the court again denominated the order of amercement made by the court of common pleas "a judgment," concluding its opinion that the order should be made of, "judgment reversed."

In the case of *Graham v. Newton*, 12 Ohio, 205, in a case coming up to the supreme court from a similar order based upon a motion to amerce the sheriff, the court declared: "We shall only consider that error which was taken to the amount of the *judgment* in amercement," and declares that:

"The whole amount so made up, of the judgment debt, interest and costs, which makes up the true amount of the *judgment* to be rendered, or the amercement; which, when so reduced to judgment, will draw interest as other judgments, until collected."

And concluding its opinion again declaring that, the "*judgment* is affirmed."

And the court of appeals of Kansas, southern department, E. D. in 1895, in the case of *Reese v. Rice*, 41 Pac. Rep. 218, upon error from the district court to the supreme court from a judgment founded upon a motion for amercement of the sheriff, designates the order of the district court to be "a judgment of amercement,"

and directs that "the judgment of the district court is reversed."

But it is urged by the defendant in error that the order of amercement cannot be a final judgment, for the reason that there are no pleadings in the case.

As has been seen, the motion to amerce the sheriff and the answer of the plaintiff in error thereto, while not denominated a petition and answer, yet plainly present the matters of fact in issue; but it was said by the supreme court of Ohio, in *Wadsworth v. Parsons*, cited above:

"We know of no practice which requires either plea, or answer, or issue to be made up in form. We have never seen such practice adopted, and there is, in our opinion, no law that requires it."

And this view of the law was again adopted by the same court in *Graham v. Newton*, 12 Ohio, 204, in the declaration that:

"In *Wadsworth v. Parsons*, 6 Ohio, 449, it has been decided that pleadings are unnecessary on motions for amercement."

It is urged by the defendant in error that it was decided in *Armstrong v. Grant*, 7 Kan. 181, that:

"The action of the court in such case (amercement) is on a written motion and not on pleadings; its determination is an order and not a judgment."

But we consider that the opinion of the court in *Knox v. Merrill*, 22 Kan. 403, referring to the Ohio cases, and accepting their view, together with the weight of the Ohio cases themselves, founded upon the provisions of the same code of civil procedure, fully establish the adverse view, and that an order of amercement founded upon a motion upon which a hearing has been had is, in fact, a final adjudication and such a final judgment as entitles the losing party to an appeal, under the provisions of our statute above cited.

We think the authorities in strict conformity to the reasoning and justice of the case. The proceedings had upon a motion to amerce are in the nature of a civil action, which is an "ordinary proceeding in a court of justice by which a party prosecutes another party for the enforcement or protection of a right, or the redress or prevention of a wrong, or the punishment of a public offense." (Section 3876, p. 763, Statutes of 1893.)

This is a proceeding in amercement; nothing more or less. The order is a final order of the court. Proceedings of this character are often of great importance, placing the whole welfare of the sheriff in the power of the court, and if there is no appeal, the property and welfare of the sheriff are at the disposition of a single tribunal. It is a case in which this court should strongly favor the appeal, and as was said in *Haas v. Lees*, 18 Kan. 454, by Chief Justice Horton, do so "as far as possible without obstructing the course of justice." And in which "provisions of the Code are to be liberally construed with a view to effect its object and to promote justice." (Section 2693, Statutes of Oklahoma, 1893.)

We think that the judgment of the district court should be reversed, and that the case should be heard there upon the facts, and it is so ordered.

Bierer, J., having presided in the court below, not sitting; all the other Justices concurring.