Jeffreys *v.* Alexander, Sheriff, *et al.**

(Division A.   Oct. 1, 1928.)

[118 So. 301.   No. 27126.]

448

*Corpus Juris-Cyc References: Pleading, 31Cyc, p. 591, n. 24, 25; Sheriffs and Constables, 35Cyc, p. 1728, n. 91; p. 1832, n. 35; p. 1845, n. 51.

*E. Kellner, Jr.,* for appellant.

*Percy & Percy,* for appellee.

450

*Ernest Kellner, Jr.,* reply brief for appellant.

*Percy & Percy,* additional brief for appellee by request of court.

452

*Ernest Kellner, Jr.*, reply brief for appellant to additional brief for appellee.

Argued orally by *Ernest Kellner, Jr.,* for appellant.

COOK, J. On October 13, 1925, the chancery court of Washington county granted a decree in favor of the appellant against R. D. Baskin, in which a lien was impressed upon certain personal property for the satisfaction of the decree, and the said Baskin was ordered to forthwith deliver the property to a commissioner to be sold; and it was provided that in the event of the failure of the said Baskin and his sureties to forthwith deliver said property to the commissioner, execution might be issued against them for the value of the property. The said Baskin having failed to deliver the property, on May 11, 1926, an execution was issued on said decree and delivered to the appellee George B. Alexander, sheriff of Washington county, returnable on the first Monday of October, 1926, the first day of the next regular term of the chancery court of Washington county. The docket entry in the office of the chancery clerk of that county shows that the execution was returned and filed on June 10, 1927, while the same date of filing was indorsed on the execution itself by the chancery clerk.

On September 21, 1927, the appellant filed a motion in chancery court of Washington county against the sheriff and the sureties on his official bond to recover a judgment for the amount of the execution on account of the failure of the sheriff to return the execution on or before the return day thereof, under the provisions of section 4670, Code 1906 (section 3293, Hemingway's 1927 Code). The appellee answered the motion, and upon the hearing

thereof a recovery against the sheriff was denied, and from the order overruling the motion this appeal was prosecuted.

To maintain the motion for a judgment against the sheriff for failure to return the execution on or before the return day thereof, and to prevail on this appeal, it was necessary for the appellant to establish, by the proof, a failure to return the execution by the return day. To meet the burden of proof in this regard, appellant relied solely on the indorsement on the execution of the words: "Filed June 10, 1927. L. M. Nicholson, Chancery Clerk." This indorsement, to which the chancery clerk's name was signed, was entered on the execution day by a deputy chancery clerk, who testified that he had no personal recollection in regard to the time when the execution was actually lodged in the office of the chancery clerk. The appellant contends that the date of filing indorsed on the execution by the chancery clerk is a part of the record which imports absolute verity, and is conclusive evidence of the date when the execution was actually returned to the office of the chancery clerk, while the appellees contend that this file mark is only *prima-facie* evidence of the date on which it was returned, and that parol evidence is permissible to contradict it and show that it was filed on some other date.

To constitute a return of the execution, it was merely necessary for the sheriff to place it in the official custody of the clerk of the court to which it was returnable. This was all that was required of him; and if he made such return on or before the return day of the execution, the failure of the clerk to discharge the duty of indorsing upon it the date of the filing, or the indorsement of an erroneous date, will not prejudice 'the rights of the sheriff or render him liable for the severe statutory penalty fixed for the failure to return an execution on or before the return day thereof. In the case of *Bank* v. *Hoyt & Bros. Co.*, 74 Miss. 221, 21 So. 12, 36 L. R. A.

796, 60 Am. St. Rep. 504, this court, speaking through Judge WHITFIELD, said:

"It is clear that marking the paper 'filed' is not filing it. A paper may be marked filed, and yet not be in fact filed; and a paper may be in fact filed, though not marked filed. And the entry on the general docket does not constitute filing. All these indorsements of the clerk are evidence, but not conclusive evidence, of a filing."

In 31 Cyc., p. 591, this doctrine is announced in the following language:

"Filing a pleading under the modern practice consists simply in placing it in the hands of the proper officer, usually the clerk of the court, to be preserved and kept by him, in his official custody, as a public record. It is deemed filed when delivered to and received by the proper officer to be kept on file. It is the duty of the officer receiving it to make the proper indorsement and entry, but this is merely evidence of the filing and is not essential to the validity thereof. Nor will the memorandum or indorsement alone constitute conclusive evidence of the filing."

To comply with the mandate to return the execution on or before the return day thereof, the sheriff was merely required to place it in the official custody of the chancery clerk, on or before that date, and the memorandum indorsed by the clerk on the execution is only *prima-facie* evidence of when it was lodged in his custody; and in the proceeding to subject the sheriff to the statutory penalty for a failure to properly return the execution, it was permissible to show by parol evidence that the indorsement or file mark of the clerk was erroneous, and that the execution was returned on some other date.

The appellant next contends that if it is held that the filing indorsed on the execution by the chancery clerk is only *prima-facie* evidence of the date the execution was returned, still there was no evidence to overcome this *prima-facie* showing, or to support a finding by the court

that the execution was returned on or before the return day thereof. .The deputy sheriff who handled this execution, and whose special duty it was to execute and return all executions delivered to the sheriff for service, testified positively that this execution was returned to the chancery clerk's office on June 12, 1926. On cross-examination, it was developed that this deputy had no personal recollection of actually returning this particular execution to the clerk's office, but was testifying from records in the sheriff's office, and his invariable custom to return executions at the time the sheriff's return on the execution was copied on the "Sheriff's Execution Docket," and from the fact that repeated examinations of the execution files and papers in the sheriff's office during the twelve months intervening between the date the return was entered on the sheriff's docket and the date of the indorsement by the chancery clerk failed to disclose that this execution was in the sheriff's office at any time during that period. Another deputy sheriff, who acted in a supervisory capacity, testified that during that period of time he made repeated examinations of the docket, papers, and documents in the sheriff's office with particular reference to executions and the return thereof, and that these examinations failed to disclose that this execution was in the sheriff's office at any time after June 12, 1926.

Considering all the testimony of these witnesses, we think it was sufficient to raise an issue of fact to be decided by the chancellor, and, therefore, the judgment of the court below will be affirmed.

*Affirmed.*