## FIRST STATE BANK OF LOVELL v. GRAYBEAL et al.

No. 22127. Nov. 27, 1934.

L. E. Roseboom and Geo. W. Buckner, for plaintiff in error.

Bruce Potter and Felix Duvall, for defendants in error.

PER CURIAM. This is an appeal from the district court of Logan county, wherein the First State Bank of Lovell, Okla., a corporation, is plaintiff in error, and H. A. Graybeal and Joe H. Cooper, sheriff of Kay county, Okla., are defendants in error.

This is a proceeding under section 469, O. S. 1931, to amerce the sheriff of Kay county, Okla., for the failure to levy upon certain properties located in Kay county, Okla., by reason of an execution issued out of the office of the court clerk of Logan county, Okla., on the 27th day of June, 1930, by the court clerk of Logan county, Okla.; said execution being issued on judgment rendered on the 13th day of January, 1923, wherein the First State Bank of Lovell, Okla., a corporation, was plaintiff, and H. A. Graybeal defendant; that certain alias execution was issued on said judgment, and the same was kept alive and was a valid and subsisting judgment against the defendant Graybeal at the time the execution was sued out herein on June 27, 1930, said execution being in words and figures as follows:

"Execution                    General Form

"In the District Court of Logan County, State of Oklahoma.

"First State Bank of Lovell, Oklahoma, Plaintiff, v. H. A. Graybeal, Defendant. No. 3957.

"The State of Oklahoma to the Sheriff of Kay County, in the State of Oklahoma, Greeting:

"Whereas, on the 13th day of Jany. A. D. 1923, the said First State Bank of Lovell, Okla., recovered a judgment in the district court of said Logan county against said H. A. Graybeal in the above-entitled action for the sum of two thousand sixty-six and 71/100 dollars ($2,066.71) debt and damages, which judgment bears interest at the rate of 10 per cent. per annum from the date thereof, and cost of suit taxed at eight and 95/100 dollars ($8.95) and accruing costs, as the same now appears of record in said court.

"And, whereas, there now remains unpaid on said judgment the sum of two thousand sixty and 11/100 dollars ($2,060.11) together with interest thereon at the rate of 10 per cent. per annum from the 20th day of August, A. D. 1929, and accruing costs.

"Now, therefore, you are hereby commanded that of the goods and chattels of said judgment debtor, H. A. Graybeal, you cause to be made the sum of two thousand sixty and 11/100 dollars ($2,060.11) and interest thereon at the rate of 10 per cent. from the 20th day of August, A. D. 1929, and costs and accruing costs, and for want of goods and chattels, you cause the same to be made of the lands and tenements of the said judgment debtor.

"And you are further commanded to return this writ into this court within 60 days from the date hereof, with your return of service of the same indorsed thereon.

"Hereof fail not at your peril.

"In witness whereof, I have hereunto set my hand and affixed the seal of said court at my office in Guthrie, in said Logan county, this 27th day of June, A. D. 1930.

"Marie Sleeper,
"Seal.    Court Clerk."

Said execution was issued on a judgment rendered on January 13, 1923, for the sum of $1,890.21 with 10 per cent. interest and attorneys' fees of $176.50.

This cause was tried by the district court of Logan county, Okla., without a jury, and at the conclusion of the plaintiff's testimony, which consisted of certain documentary evidence and letter introduced by the plaintiff in error, the defendant interposed a demurrer to the evidence of the plaintiff, which was by the trial court sustained and the action dismissed, to which action of the court the plaintiff in error complains, and seeks a reversal of this cause on the grounds:

"First. That the court erred in dismissing the motion of the plaintiff in error to amerce the sheriff of Kay county, Okla.;

"Second. The court erred in holding the evidence of the plaintiff insufficient to sustain the allegations of the motion to amerce said sheriff, and

"Third. The order and judgment of the court is contrary to the law and evidence."

The facts in this case are briefly as follows: That the execution was received by the sheriff of Kay county, Okla., on the 30th day of June, 1930; that at the time he received the execution, or just prior thereto, the agent of plaintiff advised the sheriff that the execution had been issued out of the office of the court clerk of Logan county, Okla., and would be sent to the sheriff, asking him to levy upon certain property of one of the defendants, H. A. Graybeal; that upon receipt of this and other letters from plaintiff, the sheriff advised the agent

and the attorneys for plaintiff that the legal title to the property was then in the name of Rebecca M. Graybeal, wife of the defendant H. A. Graybeal, and that upon the plaintiff furnishing an indemnifying bond to the sheriff, he would levy upon said property under the execution, and offer same for sale, as required by law; that a number of letters passed between counsel for plaintiff and the sheriff and county attorney of Kay county, Okla., in which they attempted to decide and settle the legal questions involved in this controversy without avail; and that after the execution was returned to the court clerk of Logan county, Okla., with the indorsement "no property found", as above stated, then this action was instituted in the district court of Logan county to amerce the sheriff, under the provisions of section 469, O. S. 1931.

The defendant in error contends that the plaintiff is not entitled to amerce the sheriff for two reasons: First. That the execution issued out of the office of the court clerk of Logan county, Okla., does not conform to the judgment rendered in said cause. Second. That the property sought to be levied on at the time the execution was received by the sheriff of Kay county, Okla., was not the property of the judgment debtor, and that the legal title of said property was then held by the wife of the defendant Graybeal, who claimed to be the owner of said property.

Section 469, O. S. 1931, under which plaintiff proceeds to amerce the sheriff, being a statute providing for the amercement of sheriffs and constables and being penal in its nature, is like all other penal statutes which are strictly construed, and held to apply only to a default clearly within their terms, and a party who seeks to amerce a sheriff must bring himself both within the letter and the spirit of the law.

Upon an examination of the judgment rendered in this case and the execution issued thereon, it will be seen that there is a variance between the execution and the judgment; and in the case of Fisher v. Franklin, 38 Kan. 251, it was held that a variance between an execution and a judgment was fatal on an action to amerce the sheriff for failure to levy the execution, the court using this language:

"That where the plaintiff is seeking to amerce the sheriff, he must show a valid judgment and the execution must conform strictly to that judgment."

This doctrine is followed in a later Kansas case of Gleason, Sheriff, v. Itten, 52 Kan. 218, and such is the doctrine announced in the case of Ridpath, Sheriff, v. Lancaster, 142 Okla. 282, 286 P. 780.

This seems to be the general rule as announced in 35 Cyc. 1884:

"The right to demand a judgment of amercement against a sheriff or constable rests upon no equitable grounds, and in the enforcement of a statutory penalty the courts will hold parties to a strict observance of the requisites of the statutes."

Also, in 35 Cyc., at page 1889, we have the following:

"Where an execution plaintiff seeks to amerce a sheriff for default in respect to the execution of his writ, he must show a valid judgment, and the execution must conform strictly to that judgment. Where an execution is null and void, the sheriff cannot be amerced for neglecting or refusing to make a return thereon; and where by mistake of the clerk certain costs are erroneously taxed and indorsed on an execution, the sheriff, after selling land under it, cannot be amerced for failing to pay over to the execution creditor the amount of such costs."

As to the second contention of the defendant in error, that the sheriff is not liable in amercement by reason of the fact that he asked or demanded of the plaintiff in error to furnish to him an indemnifying bond to cover all damages by reason of the sale of the property of the wife of the defendant in error under an execution issued against the husband of said wife, we are of the opinion, and so hold, that, in cases of this kind, the sheriff, before making levy upon property, the legal title to which was in another person, had a right to demand of the plaintiff in error a bond indemnifying him for any damages that might accrue by reason of the sale of said property, and that the sheriff would not be liable in amercement for failure to levy upon the property of another person, even though it be the wife of the judgment debtor, said deed not being void upon its face, but merely voidable. And in support of this contention, 35 Cyc. at page 1891, we have the following:

"A statutory penalty for failure to pay over money is not recoverable for the failure caused by the fact that there are conflicting claims to such money where the officer cannot determine and which have not been determined by the court."

The fact that property found in the possession of a defendant under execution and

levied on by a sheriff, is claimed by third persons, will not prevent the amercement of the officer for refusing to sell the property at the request of plaintiff, where he asks no indemnity of plaintiff, and takes no measure to secure himself against such claim; but where, upon an adverse claim to property levied on being made, the sheriff asks for instructions from plaintiff's attorneys, which are promised him, he is not liable to amercement for not selling until he has disobeyed or disregarded positive, reasonable, and lawful directions to that end.

Where a sheriff is entitled to demand indemnity before proceeding further in the execution of certain process, and has demanded the same, he cannot be amerced for not proceeding if the indemnity is not furnished. 35 Cyc. 1894.

We therefore recommend that the judgment of the trial court in this case be affirmed for the reasons above stated. It is so ordered.

The Supreme Court acknowledges the aid of District Judge W. G. Long, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion was adopted by the court.