**RIDDLE v. BISHOP, Sheriff.**

No. 28181.    May 3, 1938.

Rehearing Denied May 17, 1938.

Application for Leave to File Second Petition for Rehearing Denied June 7. 1938.

Hulsey & Hulsey and Philas S. Jones, for plaintiff in error.

Bruce L. Keenan, for defendant in error.

HURST, J. This is a proceeding by a judgment creditor to amerce a sheriff pursuant to the provisions of section 469, O. S. 1931. Trial was had to the court without a jury and judgment was rendered for the sheriff, and plaintiff appeals.

Plaintiff sought recovery from the sheriff for his failure to levy an execution issued on February 24, 1936, which writ the sheriff had returned on April 15, 1936, and upon which he had indorsed the following: "After checking execution, found it was incorrect and returned same without serving for correction." This was occasioned by the fact that plaintiff's judgment was for $2,000, upon which a balance was due of $968.78, and the execution directed a levy against the judgment debtors in the sum of $1,233.50.

Plaintiff further based his motion for amercement on the sheriff's failure to levy an alias execution issued on May 11, 1936, which was returned by the sheriff with the indorsement "Nothing Found," and which was shown to have been filed on July 11, 1936, by the court clerk, which was after the 60 days allowed by law.

The sheriff's defenses to the amercement based on his failure to levy the writ of execution of February 24, 1936, are (1) that the execution called for the collection of an amount greater than the balance due on the judgment against the judgment debtors; and (2) that plaintiff had not complied with the sheriff's request to furnish an indemnity bond. This latter defense is also relied on with respect to the alias execution. Respondent also introduced parol testimony to prove that the alias execution was returned on July 10, 1936, which would be within the time allowed by law.

The first proposition to be considered is, Did the sheriff have the right to demand an indemnity bond, and does plaintiff's failure to furnish same constitute a defense to amercement? Statutes providing for the amercement of sheriffs are penal in their nature, are strictly construed, and are held to apply only to a default clearly within

their terms. The party who seeks to amerce a sheriff must bring himself within both the letter and spirit of the law. Stein v. Scanlan (1912) 34 Okla. 801, 127 P. 483; First State Bank of Lovell v. Graybeal (1934) 169 Okla. 543, 37 P.2d 912.

The sheriff demanded the indemnity bond of plaintiff because there were two mortgages against the machinery and a truck belonging to the judgment debtors and because the judgment debtors told him that they were not the owners of the property in question. The testimony was conflicting as to whether the bond was to be given before or after the levy. The trial court evidently believed that it was to be given before the levy, since it found the issues in favor of the respondent. The proceedings on a motion to amerce are in the nature of a civil action (Fenton v. White [1896] 4 Okla. 472, 47 P. 472), and since they are based on no equitable grounds (Stein v. Scanlan, supra), the rule applicable in a case tried to the court, where a jury has been waived, is the one applicable here. In such cases, where there is any competent evidence reasonably tending to support the judgment of the trial court, the same will not be disturbed on appeal. Smart v. Billings (1934) 169 Okla. 26, 35 P.2d 923. Indeed, plaintiff asserts this to be the rule, but argues that there is an entire lack of evidence. In this she is in error.

Section 446, O. S. 1931, provides that if the officer is requested by the plaintiff to levy on goods and chattels "claimed by any person other than the defendant," the officer may require an indemnity bond. We said in McCorcle v. Morton (1935) 171 Okla. 632, 44 P.2d 9, that "no judicial function is vested in the sheriff to ascertain the true ownership of property, and * * * in the absence of some personal knowledge, he is compelled to rely on information obtained from such source as may be available as to the ownership of the property intended to be taken into his official custody."

We believe that the sheriff had the right to rely on the statement of the judgment debtors that they did not own the property in question, which would include all of the property upon which the sheriff was requested to levy. This, coupled with the fact that two mortgages were outstanding against some of the judgment debtors' property, was sufficient to entitle the sheriff to demand an indemnity bond of plaintiff before levying the execution on the ground that the goods and chattels were claimed by a party other than the defendant as provided in section 446, supra. The failure of the plaintiff to furnish such a bond before the levy of the execution relieves the sheriff of liability in amercement for failure to make the levy. First State Bank of Lovell v. Graybeal, supra. The case of Pappe v. Law (1934) 169 Okla. 15, 35 P.2d 941, relied on by plaintiff, is inapplicable here since it involved a writ of assistance.

Plaintiff cites no authority, and we know of none, to sustain her contention that the respondent abandoned the defense of plaintiff's failure to furnish the bond because in his response to the motion to amerce for failure to levy the execution of February 24, 1936, he relied solely on the discrepancy in the amount of the execution and the balance remaining due on the judgment. This contention is unavailing here. An amercement proceeding is summary and is to be determined by the court on motion, and no pleading by the sheriff is necessary. Section 469, supra; Fenton v. White, supra. Even assuming, without deciding, that where the sheriff files a response to a motion to amerce he must plead all his defenses, yet his failure to do so may be waived by plaintiff, by proceeding with the trial of the case without objection, as though the defense had been pleaded. First Bank of Texola v. Terrell (1915) 44 Okla. 719, 145 P. 1140, and Winter v. Harvell (1935) 175 Okla. 315, 52 P.2d 717. The evidence respecting the defense of the sheriff that no indemnity bond was furnished him was not objected to by plaintiff at the time of its introduction, and under the rule above stated, he cannot now urge the sheriff's failure to plead such defense.

Because of our holding, it is unnecessary to consider the failure of the sheriff to levy the writ of execution of February 24, 1936, for the reason the execution called for more than was due on the judgment.

■ We are yet concerned, however, with the alleged failure of the sheriff to return the alias execution of May 11, 1936, within the time allowed by law. The court clerk's indorsement on the execution shows the same to have been filed on July 11, 1936, one day after the time allowed by law within which to return the writ. The sheriff's return is dated July 9, 1936. The deputy sheriff and court clerk both testified that the writ, with return thereon, was actually filed with the court clerk on July 10, 1936. In a proceeding to amerce a sheriff for failure to return the execution within the time allowed by law, parol evidence is admissible to show that the indorsement of the

clerk was erroneous and that the execution was returned on some other day, the filing mark on the execution being only prima facie evidence of when it was lodged in his custody. The question of when it was returned was, under the evidence, an issue of fact for the trial court to determine. Jeffreys v. Alexander (1928, Miss.) 118 So. 301; 57 C. J. 1009. sec. 779; State Nat. Bank v. Lowenstein (1915) 52 Okla. 259, 155 P. 1127. Since the trial court's judgment was for the sheriff, he necessarily found for him on this issue. There is competent evidence reasonably tending to support this finding and the same will not be disturbed on appeal. Smart v. Billings, supra.

Affirmed.

BAYLESS, V. C. J., and RILEY, PHELPS, and GIBSON, JJ., concur.