Doris BRUCE, Appellant,

v.

EMPLOYERS CASUALTY COMPANY, and/or Employers of Texas Lloyd's, Inc., and/or Employers National Insurance Company, and/or Employers National Insurance Corporation, Appellees.

No. 84967.

Court of Appeals of Oklahoma, Division No. 3.

May 2, 1995.

Robert D. Jones and Bryan W. Morris, Ardmore, for appellant.

Robert B. Mills and Kent R. McGuire, Oklahoma City, for appellees.

## OPINION

HUNTER, Judge:

On June 4, 1989, Appellant was a passenger in a car which was struck by a railcar. The car in which she was a passenger did not have liability insurance. On June 1, 1994, Appellant mailed to the Choctaw County Court Clerk, by certified mail, her petition to commence her lawsuit.

Appellee, Employers National Insurance Company, in receivership, through the Oklahoma Property and Casualty Insurance Guaranty Association, moved for summary judgment asserting that the action was time barred. The undisputed evidence shows that on June 2, 1994, the Post Office left notice with the Court Clerk that the certified letter or parcel, numbered and addressed to the Court Clerk, was at the Post Office. The yellow slip also showed that the Court Clerk signed for the parcel on June 3, 1994. A yellow slip is the proof retained by the Post Office which reflects the history of certified mail. It is also uncontroverted that the petition has a June 7, 1994, file-stamp date with the Choctaw County Court Clerk's office. Appellees argue that the five year statute of limitations expired June 4, 1994.

When a "defendant moves for summary judgment on the basis of an affirmative defense he must show that there is no substantial controversy as to facts that are material to the affirmative defense, and that the facts and inferences that may be reasonably drawn from them are in his favor." *Daugherty v. Farmers Cooperative Assoc.*, 689 P.2d 947, 949 (Okl.1984). On review of cases where the facts are presented to the trial court in documentary form, the appellate court "is free to substitute its analysis of the record for the trial court's analysis." *Loffland Brothers Co. v. Overstreet*, 758 P.2d 813, 817 (Okl.1988).

The trial court's grant of summary judgment based on its finding that the petition was received and filed on June 7, 1994, is erroneous in view of the conflicting evidence. According to statute, "[A] civil action is commenced by filing a petition with the court." 12 O.S.1991 § 2003. The file-stamp date does not always reflect the file date, however, because filing means "delivery of the instrument to the proper custodian ..." *State National Bank v. Lowenstein*, 52 Okl. 259, 155 P. 1127, 1129 (1915) (citation omitted). The *Lowenstein* court, at 1129, also restated the well-settled rule that "such delivery may be shown by parol evidence contradicting the filing mark ..." The evidence in the record does not support summary judgment because it does not demonstrate a lack of substantial factual controversy concerning whether the petition was filed outside of the statutory time limitation period. Although a file-stamp is prima facie evidence of date of filing, it is not conclusive evidence. In *Riddle v. Bishop*, 183 Okl. 55, 79 P.2d 801, 802 (1938), the court held that in "a proceeding to amerce a sheriff for failure to return an execution within the time allowed by law, parol evidence is admissible to show that the indorsement of the court clerk showing date of filing was erroneous, and that the execution was returned on some other day; the filing mark by the clerk being only prima facie evidence of when it was lodged in his custody." (syllabus by the court).

We find Appellees failed to carry their burden of proving no controversy as to a material fact in its affirmative defense. Clearly, the date a petition is filed is the essential element in the affirmative defense of "barred by reason of the statute of limitation." Appellant's evidence of delivery of the petition on June 3, 1994, as substantiated by the court clerk's signature, creates a factual question of whether the file-stamp date re-

flected the actual file date. Consequently, the trial court erred in granting the motion for summary judgment. For that reason, we reverse the judgment and remand the matter with directions to proceed in a manner consistent with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.

GARRETT, C.J., and ADAMS, J., concur.