IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 4, 2025

## RODGER BROADWAY v. TENNESSEE DEPARTMENT OF CORRECTION ET AL.

**Appeal from the Chancery Court for Hickman County**
**No. 25-CV-8138     Michael E. Spitzer, Judge**

———————————————————————

### No. M2025-00766-COA-R3-CV

———————————————————————

The trial court dismissed a prisoner's petition for a writ of certiorari on the basis that no verified petition was timely filed. On appeal, the prisoner concedes that his verified petition was filed at least one day late but contends that this Court should adopt an exception permitting the late filing due to obstruction by prison staff that prevented the prisoner from filing a timely verified petition. We affirm the decision of the trial court

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and JOHN W. MCCLARTY, J., joined.

Melody Fowler-Green, Nashville, Tennessee, for the appellant, Rodger Broadway.

Jonathan Skrmetti, Attorney General and Reporter; J. Matthew Rice, Solicitor General; Benjamin Owen and Samantha Morris, Assistant Attorney Generals, for the appellee, Tennessee Department of Correction and Turney Center Disciplinary Board.

## OPINION

### I.     FACTUAL AND PROCEDURAL BACKGROUND

Petitioner/Appellant Rodger Broadway ("Appellant") is an inmate at the Turney Center Industrial Complex. Following a September 4, 2024 disciplinary hearing, Appellant was found guilty of a Class A infraction related to possession of an illegal drug. For this infraction, Appellant received ten days of punitive segregation, six months of package

restriction, three months of visitation suspension, a $5.00 fine, and a recommendation for the loss of three months of prisoner sentence reduction credits. Appellant was placed in segregation, but the remainder of his punishment was stayed pending appeal. Appellant appealed the decision to Warden Christopher Brun, who upheld the disciplinary conviction on September 19, 2024. Appellant then appealed to the Commissioner of the Tennessee Department of Correction ("TDOC"), who again upheld the decision by order of November 5, 2025.

Appellant thereafter filed a petition for a writ of certiorari pursuant to Tennessee Code Annotated section 27-9-102 against TDOC and the Turney Center Disciplinary Board ("Appellees") in the Hickman County Chancery Court ("the trial court"). Although the body of the petition stated that it was filed on January 6, 2025, "within 60 days of decision in the final administrative appeal" as required by that statute, the clerk's file-stamp indicated that the petition was filed on January 24, 2025. Moreover, the verification appended to the complaint stated that it was sworn to the notary public on January 7, 2025. Two exhibits were attached to the petition, both of which bore a January 24, 2025 file-stamp.

On February 20, 2025, Appellees filed a motion to dismiss, asserting that Appellant's claims were time-barred because he failed to file his petition within sixty days of the administrative decision.[1] Appellees asserted that Appellant's failure to timely file his petition deprived the trial court of subject matter jurisdiction and that his petition should therefore be dismissed.

On April 16, 2025, Appellant filed a response in opposition to the motion to dismiss, supported by the declarations of two members of Appellant's legal team that had worked to obtain verification of his petition before the statutory deadline. In the first declaration, Angela Henderson, a non-attorney member of Appellant's legal team, stated that she was contacted by another member of Appellant's legal team on Saturday, January 4, 2025, to obtain Appellant's notarized signature for verification of his petition. Because she was out of state, she agreed to go to the prison on January 6, 2025. Ms. Henderson's flight was delayed and she was only able to arrive at the prison at 3:30 pm. Although she explained to the guards that she was present to obtain a signature from Appellant, the guards informed her that she was too late to see Appellant. A guard also refused to allow Ms. Henderson to leave the documents at the front desk. Eventually, Ms. Henderson left for the Hickman County Courthouse, where she "hand-delivered a copy of the [unverified] Petition to a governmental employee for delivery to the Court Clerk for filing." She returned to the prison the same day but still was not permitted to see Appellant. Ms. Henderson stated as

---

[1] Sixty days from November 5, 2024, was January 4, 2025, a Saturday. Tennessee Code Annotated section 1-3-102 provides that "[t]he time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is a Saturday, a Sunday, or a legal holiday, and then it shall also be excluded." So Appellant's deadline was Monday, January 6, 2025.

follows concerning the next day:

> 13. On January 7, 2025, at approximately 1:30 p.m., I arrived at the Prison and provided the paperwork for [Appellant's] notarized signature. I waited for approximately an hour for the notary to return the signed paperwork to me. The notary returned with the paperwork at approximately 2:30 p.m. and apologized for the long wait, explaining that the Prison is short-staffed for notaries, among other reasons.
>
> 14. From approximately 2:30 until 2:40 p.m., I attempted to scan and to upload the signed document to a Google Drive folder. Due to poor cell phone service, the scans failed to upload.
>
> 15. I drove to a nearby McDonald's to use the restaurant's Wi-Fi to upload the signed paperwork to [Appellant's] attorney at approximately 3:05 p.m.

In the second declaration, Attorney Melody Fowler-Green detailed her attempts to contact prison employees to obtain Appellant's signature beginning on January 6, 2025. That day, Attorney Fowler-Green first asked via email that prison employees print a copy of the petition so that Appellant could sign it. She was then informed that she could either mail the documents to Appellant or see him in person. Moreover, the prison employee stated that the petition could be signed and notarized that day only if it was delivered by 3:15 pm. But Attorney Fowler-Green was not able to travel to the prison because she was required to attend federal court on that date.[2] Attorney Fowler-Green attached emails between herself and prison staff to her declaration, as well as a case management conference notice evincing her federal court hearing.

Relying on the above declarations, Appellant argued in his response that his petition should not be dismissed. In particular, he alleged that his legal team "delivered a copy of the Petition" to the trial court on January 6, 2025, then "delivered a notarized copy of the Petition" to the trial court on January 7. In support of the January 7 filing date, the response cited paragraphs thirteen through fifteen of Ms. Henderson's affidavit. Appellant therefore argued that his petition was filed either sixty days after the administrative decision (using the purported January 6 filing date) or sixty-one days after the administrative decision (using the purported January 7 filing date). Appellant further asserted that Appellees had obstructed Appellant's ability to file a notarized petition by arbitrarily refusing to permit his counsel to see him in person on January 6, 2025, despite no official policy supporting the prison staff's actions.

The trial court granted Appellees' motion to dismiss by order of April 22, 2025, ruling that Appellant failed to file a verified petition for a writ of certiorari by the January

---

[2] Attorney Fowler-Green's declaration contained no facts concerning the purported filing of the petition on January 7, 2025.

6, 2025 deadline. From this order, Appellant now appeals.

## II. ISSUES PRESENTED

Appellant raises a single issue in this appeal, which is taken from his brief: "Whether the trial [court] erred in dismissing Appellant's Petition for a Writ of Certiorari for lack of subject-matter jurisdiction where Appellees and their agents acted to obstruct Appellant timely verifying the Petition under oath as required, with full knowledge of the applicable filing deadline."

## III. STANDARD OF REVIEW

In the trial court, Appellant submitted declarations and documentation in response to Appellees' motion to dismiss. Appellant therefore asserted that the motion to dismiss should be converted to a motion for summary judgment. But Appellees contend that Appellant's failure to file a verified petition by the statutory deadline deprived the trial court of subject matter jurisdiction. "A motion to dismiss . . . need not be converted into a motion for summary judgment if a trial court considers external evidence only to determine whether it has subject matter jurisdiction." *Higdon v. State*, 404 S.W.3d 478, 482 (Tenn. Ct. App. 2013) (citing *Staats v. McKinnon*, 206 S.W.3d 532, 543 (Tenn. Ct. App. 2006)). To the extent that this case implicates the trial court's subject matter jurisdiction, we will review the trial court's ruling under the standard of review applicable to motions to dismiss.

A trial court's decision to grant a motion to dismiss is reviewed de novo with no presumption of correctness. *Brown v. Ogle*, 46 S.W.3d 721, 726 (Tenn. Ct. App. 2000). The facts in the petition for a writ of certiorari are taken as true unless contradicted by the record. *See Royal Clothing Co. v. Holloway*, 208 Tenn. 572, 574, 347 S.W.2d 491, 492 (1961) ("It is held in a number of our cases that a motion to dismiss a petition for certiorari is to be treated like a demurrer and on such motion the allegations of the petition are to be treated as true except as to facts shown by the record."); *Wilson v. Moss*, 54 Tenn. 417, 419 (1872) ("Upon a motion to dismiss a petition for *certiorari*, the facts stated in the petition are taken to be true, except as to matters contradicted by the record.").

## IV. ANALYSIS

The common law writ of certiorari is the proper vehicle for challenging a prison disciplinary action. *Sepulveda v. Tenn. Bd. of Parole*, 582 S.W.3d 270, 274 (Tenn. Ct. App. 2018) (quoting *Richmond v. Tenn. Dep't of Corr.*, No. M2009-01276-COA-R3-CV, 2010 WL 1730144, at *3 (Tenn. Ct. App. Apr. 29, 2010)). There are two mandatory requirements for filing a proper writ of certiorari in this situation. First, the petition must be filed within sixty days of the entry of the judgment which the prisoner seeks to review. *Id.* (citing Tenn Code Ann. § 27-9-102; *Blair v. Tenn. Bd. of Prob. & Parole*, 246 S.W.3d 38, 40 (Tenn. Ct. App. 2007)). Second, the petition "must be verified in accordance with

- 4 -

Article 6, Section 10 of the Tennessee Constitution and Tennessee Code Annotated § 27-8-104(a)." *Id.* (citing ***Stephenson v. Town of White Pine***, No. 03A01-9705-CH-00185, 1997 WL 718974, at *1 (Tenn. Ct. App. Nov. 13, 1997)). Failure to meet either of these requirements must result in dismissal for lack of subject matter jurisdiction. *See **Blair***, 246 S.W.3d at 40 ("Failure to file the petition within this time limit results in the challenged judgment becoming final, which deprives a reviewing court of jurisdiction over the matter."); ***Sepulveda***, 582 S.W.3d at 276 (holding that because the petitioner failed to properly verify his petition, the trial court correctly dismissed his petition for lack of subject matter jurisdiction). Thus, where a petitioner fails to file a sworn, verified petition within the sixty-day statutory time period, the trial court lacks subject matter jurisdiction to review the challenged decision, and the petition must be dismissed. *See **Blair***, 246 S.W.3d at 39–41(holding that the trial court lacked subject matter jurisdiction where the petitioning prisoner filed an unverified and unsworn petition within the statutory deadline but the prisoner did not move to amend the petition to include the required verification until the expiration of the sixty-day time period).

On appeal, Appellant does not appear to dispute that he failed to file a petition verified under oath by the statutory deadline, January 6, 2025. Indeed, Appellant concedes in his brief that the trial court "arguably applied existing law properly when it dismissed his Petition for lack of subject-matter jurisdiction." Rather, he argues that his failure to file a sworn, verified petition by the statutory deadline was the result of obstruction by prison staff that prevented his legal team from obtaining his verification signature on January 6, 2025. In support of this theory, Appellant cites a case in which this Court permitted an inmate to proceed with a common law writ of certiorari despite the parole board's refusal to respond to a request for a mandatory parole date or, in the alternative, a parole hearing, ***Hickman v. Tennessee Board of Paroles***, 78 S.W.3d 285, 287 (Tenn. Ct. App. 2001). We ultimately held that state agencies may not be permitted to use silence as a way to shield their actions from judicial review. *Id.* at 289. Appellant asserts that the actions of prison staff were even more egregious here because rather than using silence to shield Appellees' decision from review, the prison staff actively prevented Appellant's legal team from obtaining his signature in order to meet the statutory deadline. So Appellant asks this Court "to create a new exception to the general rule that a verified petition for a common law writ of certiorari must be filed within 60 days of the order or judgment of which the petitioner seeks review" when faced with obstruction by a state agency.

Appellees, in contrast, assert that the dismissal of Appellant's petition should be affirmed because the facts in the record clearly indicate that not only did Appellant not file a verified petition by the statutory deadline of January 6, 2025, he filed no verified petition until January 24, 2025, eighty days following the judgment Appellant seeks to review. And Appellees assert that this Court has no authority to waive or extend a statutory deadline. *See **Crane Enamelware Co. v. Smith***, 168 Tenn. 203, 76 S.W.2d 644, 645 (1934) (holding that the court could not allow a petition to be verified after the time period expired as "[t]he court has no authority to waive a statutory requirement," but the court could waive a court-

imposed rule); *see also* **Talley v. Bd. of Pro. Resp.**, 358 S.W.3d 185, 192 (Tenn. 2011) (holding that "[t]he court cannot waive" the verification requirement contained in the Tennessee Constitution).[3]

We agree with Appellees. Here, the requirement that a petition for a writ of certiorari be filed within sixty days of the judgment to be reviewed is mandated by statute, while verification of the petition is mandated by both statute and the Tennessee Constitution. *See* Tenn. Const. Art. 6, § 10 ("The judges or justices of the Inferior Courts of Law and Equity, shall have power in all civil cases, to issue writs of certiorari . . . on sufficient cause, supported by oath or affirmation."); Tenn Code Ann. § 27-9-102 ("Such party shall, within sixty (60) days from the entry of the order or judgment, file a petition of certiorari in the chancery court . . . ."); Tenn. Code Ann. § 27-8-104(a) (" The judges of the inferior courts of law have the power, in all civil cases, to issue writs of certiorari to remove any cause or transcript thereof from any inferior jurisdiction, on sufficient cause, supported by oath or affirmation."). Tennessee courts have repeatedly held that we may not waive the oath or affirmation requirement nor extend the deadline to do so after expiration of the sixty-day time period. *See, e.g.,* **Talley**, 358 S.W.3d at 192; **Blair**, 246 S.W.3d at 41.

Moreover, even if we were empowered to adopt an exception to the sixty-day timeline to file a verified petition for a writ of certiorari, we cannot conclude that we would be inclined to do so in this particular case. First, it must be noted that the evidence in the record only evinces an effort to obtain Appellant's signature for verification purposes on the last day to file his petition, and indeed, more than sixty days following the issuance of the administrative decision he sought to review. "As the well known bromide goes, '[a] lack of planning on your part does not constitute an emergency on my part.'" **Herkert v. State**, 81 Misc. 3d 526, 536, 197 N.Y.S.3d 879, 890 & n.8 (N.Y. Sup. Ct. 2023) (noting that this quote is "[o]ften attributed to Robert M. Carter, a noted paleontologist, geologist and marine biologist"). Appellant and his legal team had sixty days to take the necessary steps to file a verified petition for a writ of certiorari but, for whatever reason, waited until the eleventh hour to do so. While the prison's refusal to allow Ms. Henderson to see Appellant on the afternoon of January 7, 2025 is not supported by any citation to written policy or a handbook, this purported "obstruction" is somewhat lessened by the other sixty days in which Appellant could have taken the necessary action.

Even more importantly, although Appellant contends that he filed his verified petition on January 7, 2025, the filing stamp for both the petition and the supporting documents establishes a filing date of more than two weeks later. Tennessee courts have repeatedly held that "a 'file-stamp' or other similarly designated marking by the trial court

---

[3] Appellees also cite **Schaffer v. State, Board of Probation & Parole**, No. M2010-01805-COA-R3-CV, 2011 WL 2120169 (Tenn. Ct. App. May 27, 2011), for support of their position. **Schaffer** is a memorandum opinion and may not be cited. **Id.** at *1.

clerk" is evidence of the date a document was filed. ***State v. Kimble***, No. W2012-00407-CCA-R3-CD, 2013 WL 3795949, at *4 (Tenn. Crim. App. July 22, 2013); *see also* ***State v. Stephens***, 264 S.W.3d 719, 729 (Tenn. Crim. App. 2007) ("It is our view that the "file-stamp" date provides evidence of when the order of sentence was entered by the clerk."). Indeed, other courts have routinely held that "the file stamp is prima facie evidence of the date of filing, but it is subject to rebuttal." ***Dallas Cnty. v. Gonzales***, 183 S.W.3d 94, 103 (Tex. App. 2006); *see also, e.g.*, ***Cano v. Vill. of Dolton***, 250 Ill. App. 3d 130, 136, 620 N.E.2d 1200, 1205 (1993) ("As a rule, the file stamp or mark of the clerk's office can be used to establish that a paper tendered to the court was filed within the requisite time frame. However, the file stamp is only *prima facie* proof of the date when the paper was filed, not a conclusive presumption of filing. It may be rebutted by an affidavit which attests that the filing was tendered on a date other than that appearing on the stamp."); ***Bruce v. Emps. Cas. Co.***, 1995 OK CIV APP 65, ¶ 4, 897 P.2d 313, 314 ("Although a file-stamp is prima facie evidence of date of filing, it is not conclusive evidence.").

In both Appellant's response to Appellees' motion to dismiss and his brief to this Court, Appellant cites only paragraphs thirteen through fifteen of Ms. Henderson's declaration as evidence that the verified petition was filed on January 7, 2025.[4] But Ms. Henderson's declaration does not discuss any effort to file the verified petition on January 7, 2025. Instead, it appears that her involvement ended when she delivered the petition to other members of Appellant's legal team on that date. Neither does Attorney Fowler-Green's declaration discuss the purported January 7, 2025 filing of the verified petition. Thus, Appellant presented no evidence to rebut the presumption that his verified petition was filed on January 24, 2025, eighty days following the issuance of the decision sought to be reviewed. There is simply no evidence to suggest that alleged obstruction by Appellee resulted in the two-week delay between obtaining Appellant's signature for verification and the filing of the petition. We therefore cannot ignore the reality that this case represents not a single-day delay, but a delay of over two weeks that is completely unexplained by the record.

Finally, we note that Appellant failed to avail himself of the procedure set out in ***Blair*** to obtain an extension on the sixty-day deadline. In ***Blair***, this Court indicated that a petitioner may be able to obtain an extension on the sixty-day time period for filing a verified petition if the extension is given prior to the expiration of the time period: "A trial court has subject matter jurisdiction to extend the sixty-day time period of section 27-9-102 if the order granting the extension is entered within the sixty-day period." ***Blair***, 246

---

[4] Appellant's response to the motion to dismiss states that Appellant's "legal team subsequently delivered a notarized copy of the Petition to this Court on January 7. [*Id.* ¶¶ 13–15.]" This citation refers to paragraphs thirteen through fifteen of Ms. Henderson's declaration.

Appellant's brief states as follows: "Ms. Henderson returned to the Prison on January 7, 2025. [*Id.* at 41.] Mr. Broadway signed the Petition before a notary on January 7, and his counsel submitted the notarized Petition to the Hickman County Chancery Court on the same date. [*Id.*]" Page forty-one of the record contains paragraphs thirteen through fifteen of Ms. Henderson's affidavit.

S.W.3d at 41. Although Appellant asserts that an unverified petition was filed within the sixty-day time period,[5] there is no assertion that any request was lodged with the trial court in an attempt to extend the sixty-day deadline on that date. Thus, even to the extent that Appellant had another avenue to properly file his petition in light of the prison staff's failure to facilitate verification of his petition on the date of the deadline, he made no effort to take such action.

In sum, Appellant failed to file a sworn, verified petition for a writ of certiorari within the statutory deadline. Appellant's failure to timely file a verified petition "results in the challenged judgment becoming final, which deprives a reviewing court of jurisdiction over the matter." *Id.* at 40. Even if we were granted authority to waive this requirement, we are disinclined to do so under the circumstances of this case. As such, the trial court did not err in dismissing Appellant's petition based on a lack of subject matter jurisdiction.

## V.    CONCLUSION

The judgment of the Hickman County Chancery Court is affirmed, and this cause is remanded to the trial court for further proceedings as may be necessary and consistent with this Opinion. Costs of this appeal are taxed to Appellant, Rodger Broadway, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE

---

[5] The record contains Ms. Henderson's declaration that she "hand-delivered a copy of the Petition to a governmental employee for delivery to the Court Clerk for filing"; the record contains no petition that was stamped as filed on January 6, 2025.